**NATIONAL UNION ELECTRIC COR-PORATION, Plaintiff-Appellee,**

v.

**Dominic WILSON and Paul W. Young, Defendants-Appellants.**

**No. 20880.**

United States Court of Appeals, Sixth Circuit.

Dec. 9, 1970.

Wilbur C. Jacobs, Toledo, Ohio, for defendants-appellants.

Fred A. Smith, Toledo, Ohio, for plaintiff-appellee.

Before WEICK, PECK and McCREE, Circuit Judges.

PER CURIAM.

This appeal is before the Court on motion of the appellants Wilson and Young, for summary reversal of the judgment of the District Court on the ground that they were denied their right to a trial by jury, which they had seasonably demanded.[1] They rely on two decisions of the Supreme Court: Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed. 2d 44 (1962); Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed. 2d 988 (1959). Consideration of this issue requires an analysis of the pleadings which consisted of an amended complaint and the answers filed thereto.

---

the felony as to when it was committed but not the nature of it.

"MR. WALLIN: Very well, your Honor.

"THE COURT: All right."

[1]. In the caption the motion was erroneously denominated as a motion to affirm.

Plaintiff, National Union Electric Corporation, is a Delaware corporation, having a division known as Napco Plastics Company [Napco] located in Napoleon, Henry County, Ohio, at which division plaintiff manufactures molded plastic products. Defendants, Krohn, Wilson, Young, Swearingen, Gallier and West, were officers and/or employees of Napco.

The complaint, in seven causes of action, charged said defendants and the defendant Manahan with a conspiracy to defraud the plaintiff, in which conspiracy said defendants, while in the employ of plaintiff and in a confidential relationship, secretly organized a corporation, defendant Arrow Molded Plastics, Inc. [Arrow], to compete with plaintiff unfairly by appropriating its customer lists, trade secrets and orders and by otherwise acting to injure plaintiff. Plaintiff alleged that it had been damaged as a result thereof in excess of $500,000. Manahan and Young were the sole stockholders and principal officers of Arrow.

In the second cause of action plaintiff alleged that the acts of defendants were wilful and wanton, and that they should be required to pay plaintiff punitive damages in the amount of $500,000.

The third cause of action alleged that defendants removed from the files of Napco papers, documents and correspondence which show the full extent of their tortious conduct; that upon accounting, large sums will be found due; and that said records are in danger of being destroyed by said defendants. On this claim plaintiff sought injunctive relief.

The fourth cause of action alleged false representations on the part of defendant Young, and concealment of his connection with Arrow, as a result of which plaintiff has been damaged in the amount of $500,000.

The fifth cause of action seeks another $500,000—punitive damages because the acts of defendant Young alleged in the fourth cause of action were wilful and wanton.

The sixth cause of action is to recover from said defendants $113,200 for salary payments made to said employees during operation of the conspiracy.

The seventh cause of action alleged that upon an accounting, additional sums of money will be found due plaintiff from said employee-defendants for sums paid to or taken by them.

The prayer of the complaint was for judgment on each cause of action, as follows:

First: $500,000, plus any additional sums found due;

Second: $500,000;

Third: An injunction;

Fourth: $500,000, plus additional sums found due;

Fifth: $500,000;

Sixth: $113,200, for aggregate amount of salaries paid defendant-employees;

Seventh: An order to account for moneys and expenses paid to or taken by said employees from plaintiff, and declaring a lien on same;

Eighth: Other and further relief, together with attorneys' fees, costs and disbursements.

The total amount of money judgment prayed for was $2,113,200, plus any additional amounts found due upon the trial.

Answers were filed by the defendants, in which certain allegations of the complaint were admitted and other allegations were denied. Defenses were pleaded, including laches and estoppel.

Each answer contained a demand for trial by jury. Rule 38(b) Fed.R.Civ.P.

Discovery depositions were taken.

Plaintiff filed a motion under Rule 39(a) of Fed.R.Civ.P. for a trial by the court, which motion was granted by the court on January 3, 1969, and the case was ordered transferred to the non-jury docket.

The case was later tried by the District Judge without a jury, and he handed down an opinion and later a supplemental order in which he entered joint and

**988**

several money judgments against all of the defendants in the following amounts:

Return of salary payments $ 48,154.82
Accounting 136,800.00
Loss of profits 175,000.00
Punitive damages 175,000.00

Total judgments $534,954.82

Eight defendants against whom the judgments were rendered filed four separate appeals, being cases numbers 20,-880, 20,881, 20,917 and 20,932. We are here considering only the motion filed by appellants Wilson and Young, in case number 20,880. After the District Court handed down his opinion, said appellants, with new counsel, filed a motion for reconsideration of the order denying a jury trial, which motion was denied by the Court.

■ When the Court denied trial by jury, the appellants could have filed an action in mandamus in this Court (Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)), or they could have moved to file an interlocutory appeal (Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)). Had they done either, they might have obtained the relief they are now seeking and thus they would have avoided the ten days' trial before the Court. Nothing in the papers before us, however, suggests that the defendants waived trial before a jury, and in our opinion they may review the order denying jury trial in an appeal taken after the rendition of judgment.

■ In our judgment, the averments in the causes of action for damages for conspiracy, return of salary payments, accounting and punitive damages, stated actions at law in which the defendants as of right were entitled to a trial by jury, and the Court erred in denying it. Dairy Queen v. Wood, *supra*; Beacon Theatres v. Westover, *supra*.

In Swofford v. B. & W., Inc., 336 F.2d 406 (5th Cir. 1964) the Court held that a jury trial was required where seasonably demanded in an action for infringement of patent and accounting.

Punitive damages are not awarded ordinarily in equity cases.

■ In W. R. Grace & Co. v. Hargadine, 392 F.2d 9 (6th Cir. 1968), legal as well as equitable issues were involved. The trial court submitted the legal issues to a jury, and decided any equitable issues, including injunctions. This is what the Court should have done in the present case. It does not appear to us that complicated accounting was involved.

The answers of defendants contained many admissions, but we do not find any admission relating to damages, except perhaps the salary payments.

It is manifest upon our examination of the papers in the case that the issues here are controlled by the decisions of the Supreme Court above referred to, and that further briefing and oral argument would not be helpful or necessary. Rule 8, Sixth Circuit.

We express no opinion on questions which may arise on the remand, i. e., whether plaintiff may be entitled to a directed verdict or partial summary judgment on issues of liability on one or more of the claims set forth in the complaint, or with respect to items of damage not controverted.

The judgment of the District Court is reversed as to the appellants, Wilson and Young, and the cause is remanded for a new trial.