### In re PORTAGE ASSOCIATES, INC., Debtor.

### Kathryn A. BELFANCE, Trustee in Bankruptcy, Plaintiff,

v.

### SIZZLER FAMILY STEAK HOUSES, A Division of Collins Foods International, Inc., Defendant.

Bankruptcy No. 580–1788.
Adv. No. 581–0427.

United States Bankruptcy Court,
N. D. Ohio.

Jan. 15, 1982.

**446**

Kathryn Belfance, Akron, Ohio, trustee.

Alan Lepene and Craig R. Martahus, Cleveland, Ohio, for defendant.

Richard Stewart, Akron, Ohio, for plaintiff.

## FINDING AS TO JURY DEMAND

H. F. WHITE, Bankruptcy Judge.

This matter came on upon the filing of a Motion to Strike Jury Demand by Defendant, Sizzler Family Steak Houses. A Jury Demand had been filed herein by Plaintiff at the time Plaintiff filed her complaint. Briefs in support of their positions were submitted by both parties.

## FINDING OF FACT

1. Plaintiff's Complaint against the Defendant was filed on May 14, 1981.

2. Defendant, Sizzler Family Steak Houses, filed a Proof of Claim against the Debtor in the Chapter 11 proceedings on May 21, 1981. Said proof of claim was in the amount of $192,363.46 and filed as an unsecured claim for "rents, taxes, service charges, advertising expenses, etc. owed by contract; amounts owed on notes signed by Debtor".

3. Plaintiff filed a Jury Demand which Demand was noted on Page One of her Complaint against Defendant and filed at the time of the filing of said Complaint. No specification of issues as to which the demand was to apply was made on Plaintiff's demand. The demand was timely made. Interim Bankruptcy Rule 9001(b); Federal Rule of Civil Procedure 38.

## ISSUE

The issue is whether Plaintiff is entitled to a jury trial on her complaint against the Defendant and, if so, on which issues.

## DISCUSSION OF LAW

The right to a jury trial in a proceeding brought under Title 11 of the United States Code is set forth in 28 U.S.C. Section 1480(a). That section provides that:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

Subsection (b) of this section deals with the right to a jury trial in an involuntary case under 11 U.S.C. Section 303.

The procedure for demanding the jury trial contemplated by this statute is provided for in Interim Bankruptcy Rule 9001. That rule provides that where, as is the case herein, no specification of issues as to which a jury is demanded has been made, the party so demanding "shall be deemed to have demanded trial by jury for all the issues so triable". Interim Bankruptcy Rule 9001(b). Thus, it must be determined whether any of the issues presented by Plaintiff in her Complaint are triable by a jury and, if so, which of those issues are so triable.

■ The initial issue presented this Court in making such a determination is the manner in which the determination should be made. Defendant argues that, in determining the right to a jury trial, a Court must first decide whether the proceeding in question would have been a summary or a plenary proceeding if filed on September 30, 1979 under the former Act.[1] It is then argued that as Plaintiff herein seeks to recover an alleged preference and as Defendant filed a Proof of Claim in the bankruptcy case, the decision in *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) applies. Under *Katchen*, it is argued, the action would have been a summary proceeding in the bankruptcy court. Accordingly, no right to a jury trial would have attached as bankruptcy proceedings are equitable proceedings.

Plaintiff, on the other hand, argues that, in passing the Bankruptcy Reform Act of 1978, Congress intended to abolish the summary-plenary distinction. Instead, a Court is to look to the nature of the issues presented it and whether a statute in effect on September 30, 1979 allowed a jury trial on those issues.

Various commentators, court decisions, as well as portions of the Legislative History have been cited by both parties in support of their respective positions as to the manner in which a party's right to a jury trial is to be decided pursuant to 28 U.S.C. Section 1480(a). Having examined these authorities and others, it is this Court's opinion that a bankruptcy court must first determine whether the action in question would have been a summary or plenary proceeding if brought under the former Act. If the action would have been a summary proceeding, then there is no right to a jury trial. If the action would have been a plenary proceeding, the bankruptcy court must then determine whether any statute[2] which was in effect on September 30, 1979 would have granted either party a jury trial right.

In so holding, this Court relies on the language of the section itself as well as the Legislative History discussing this section. 28 U.S.C. Section 1480(a) states that "this chapter and title 11 do not affect any right to trial by jury . . . that is provided by any statute in effect on September 30, 1979". It thereby appears that this statute is not meant to broaden the right to a jury trial in a bankruptcy proceeding but is instead to ensure that any right to a jury trial existing prior to the Bankruptcy Reform Act would continue after the enactment of said Act. *In Re G.S.F. Corp.*, 7 B.R. 807 (Bkrtcy.D.Mass.1980).

Both the Senate and House Report provide that the section is intended to continue "any current right" to a jury trial.[3] H.R.

---

1. All references herein to "the Act" or "to the former Act" are intended to refer to "The Bankruptcy Statute of 1898", as amended to October 1, 1973.

2. This Court concurs with the Bankruptcy Court for the District of Colorado in the case of *In Re Mozer*, 10 B.R. 1002 (Bkrtcy.D.Co.1981) wherein it was held that the word "statute" in 28 U.S.C. § 1480(a) was intended to include Amendments to the U. S. Constitution. *In Re Mozer, supra* at 1006.

3. H.R.Rep.No.595, 95th Cong. 1st Sess. 448 (1977) U.S.Code Cong. & Admin.News 1978, p. 6404 states that "Subsection (a) continues any current right of litigants in bankruptcy cases, and cases related to bankruptcy cases, such as plenary action, to a jury trial. The exception provided in subsection (b) is to the trial of issues arising on the trial of an involuntary bankruptcy petition".

Rep.No.595, 95th Cong., 1st Sess. 448 (1977); S.Rep.No.989, 95th Cong. 2d Sess. 157 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. In order to determine what the "current right" to a jury trial was under the former Act, reference must be had to the summary-plenary distinction for it was the rare summary proceeding which allowed a jury trial.[4]

■ Thus, it must be decided whether the instant action would have been a summary or a plenary proceeding under the former Act. Defendant cites this Court to the case of *Katchen v. Landy, supra* to support its contention that under the former Act this action would have been a summary proceeding. In *Katchen v. Landy, supra*, the United States Supreme Court had before it a petition filed by a trustee against a creditor of the bankrupt alleging that a transfer by the bankrupt to the creditor was a voidable preference. The petition had been filed in response to the filing of a proof of claim by the creditor. It was held that the petition to void the alleged preference was a summary proceeding, triable in equity. Accordingly, no right to trial by jury existed.

In so holding, the Court distinguished its holding from that in *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932) where a jury trial was allowed on the issue of whether a pre-bankruptcy transfer was a voidable preference. Unlike the creditor in *Katchen*, the creditor in *Schoenthal* had filed no proof of claim prior to the filing of the preference action by the Trustee. Because no proof of claim had been filed, the trustee could "recover the preference only by a plenary action under Section 60 of the Act, 11 U.S.C. § 96 (1964 ed.)...." *Katchen v. Landy, supra*, 382 U.S. at 327–328, 86 S.Ct. at 471, citing *Taubel-Scott-Kitzmiller Co. v. Fox*, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770 (1924).

In the instant case, at the time the Trustee filed her action to recover the alleged preferences in question, no proof of claim had been filed by Defendant-Creditor. Therefore, the summary jurisdiction of this Court would not have been available to the Trustee under the Act to recover the preference. Instead, Plaintiff would have had to bring this action as a plenary proceeding. Defendant's argument that Plaintiff's complaint would have been a summary proceeding if commenced under the Bankruptcy Act must therefore be rejected. That Defendant filed a Proof of Claim one week after Plaintiff's action was begun does not affect the decision herein.

Thus, the sole issue left for determination is whether Plaintiff would have been entitled to a jury trial had she brought this action as a plenary proceeding. Plaintiff's complaint consists of three separate causes of action against the Defendant. In the first, it is alleged that Defendant, through its actions and conduct, led creditors of the Debtor to believe that the Debtor was Defendant's agent. Relying on this "apparent agency", various creditors then provided services and goods to the Debtor to the detriment of these creditors. Relief is sought in the form of a money judgment.

Count Two of the complaint alleges a fiduciary relationship between Defendant and Debtor. It is alleged that Defendant, by virtue of this relationship and with knowledge of the financial condition of Debtor, received "self-preferences". Once again, a money judgment is sought.

Finally, Plaintiff alleges various preferential transfers by Debtor to Defendant during the ninety days prior to the filing of bankruptcy by Debtor. An accounting is sought as well as payment to the Trustee of the amounts found to constitute a preference under 11 U.S.C. Section 547.

■ A cause of action seeking as its relief a judgment for money damages has traditionally been viewed as one at law. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82

---

4. A jury trial right was allowed in an action to determine the dischargeability of a debt under 11 U.S.C. § 35(a)(5) and in disputed involuntary petitions under 11 U.S.C. § 42. There was no other right to a jury trial in Bankruptcy under the Act. *In Re G.S.F. Corp., supra* at 810.

S.Ct. 894, 8 L.Ed.2d 44 (1962); *National Union Electric Corporation v. Wilson*, 434 F.2d 986 (6th Cir. 1970); *Black v. Boyd*, 248 F.2d 156 (6th Cir. 1957); *Olearchick v. American Steel Foundries*, 73 F.Supp. 273 (W.D.Pa.1947). As an action at law, either party, upon demand, is entitled to a jury trial. U.S.Const., Amend. VII; *National Union Electric Corporation v. Wilson, supra; Olearchick v. American Steel Foundries, supra.*

As actions seeking money damages, Counts One and Two of Plaintiff's Complaint are actions at law. An examination of Interim Bankruptcy Rule 9001 shows that Plaintiff filed her jury demand in a timely and proper manner in accordance with that Rule. As such, Plaintiff is entitled to a jury trial on the issues presented in those two counts. Defendant's motion to strike the jury demand as to Counts One and Two must be denied.

Plaintiff's third cause of action seeks an accounting based on various alleged preferences received by Defendant-Creditor. Where the accounting sought by a party is of a complicated nature, the action is generally an action in equity. *Kilbourn v. Sunderland*, 130 U.S. 505, 9 S.Ct. 594, 32 L.Ed. 1005 (1889); *Kirby v. Lake Shore & Michigan Southern Railroad*, 120 U.S. 130, 7 S.Ct. 430, 30 L.Ed. 569 (1887). As this case presently stands, it appears that the accounting sought will be of a complicated nature. Thus, as an equitable action, no right to a trial by jury is available to Plaintiff on Count Three. Plaintiff herself appears to recognize that her third cause of action is of an equitable nature and has limited her argument that she is entitled to a jury trial solely to the issues presented in Counts One and Two of her complaint.

Therefore, it is the conclusion of this Court that Plaintiff, Kathryn A. Belfance, Trustee in Bankruptcy, has a right to a jury trial on Counts One and Two of her Complaint against Sizzler Family Steak Houses, but that no such right exists on Count Three, the same being a cause of action in equity. Defendant's motion to strike Plaintiff's jury demand is therefore denied as to Counts One and Two of the Complaint and granted as to Count Three.