In re PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION, (PATCO), Debtor.

AIR TRANSPORT ASSOCIATION OF AMERICA, (ATA), Plaintiff,

v.

PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION (PATCO), et al., Defendants.

Bankruptcy No. 81–00656.
Adv. No. 82–0069.

United States Bankruptcy Court, District of Columbia.

July 14, 1982.

George U. Carneal, Howard R. Moskof, Allen R. Snyder, David A. Kikel, Washington, D. C., for plaintiff ATA.

Richard Leighton, Scott D. Andersen, Leighton, Conklin, Lemov, Jacobs & Buckley, Washington, D. C., for defendants PATCO and Torchia.

William D. Sullivan, Washington, D. C., for NS&T.

Mitchell Notis, Washington, D. C., for intervenors Dwyer and Tierney.

MEMORANDUM OPINION

(Motion of Defendants PATCO and TORCHIA for Reconsideration of June 18, 1982 Order Granting Plaintiff's Motion to Strike Jury Demand, or in the Alternative, for Certification of June 18, 1982 Order to the District Court for the District of Columbia.)

ROGER M. WHELAN, Bankruptcy Judge.

In this pending adversary proceeding initiated by ATA as an unsecured creditor of PATCO [1], the amended complaint for declaratory judgment seeks essentially a determination that certain monies in the PATCO Controller Benefit Fund, PATCO Subsistence Fund or variations thereon are assets of PATCO and accordingly are part of the debtor's estate. The defendants, PATCO and Domenic V. Torchia, in their answers timely asserted a demand for a

1. Prior to the filing of the instant adversary proceeding ATA, as a result of a civil action in the Eastern District Court for New York before Judge Thomas C. Platt in *ATA v. PATCO*, 70 Civ. 400, (Aug. 4, 5, 6, 1981), had secured a money judgment predicated on civil contempt. After registering the aforesaid judgment in the United States District Court for the District of Columbia on August 7, 1981, ATA caused writs of attachment to be issued to several banking institutions in this jurisdiction. In *ATA v. PATCO*, 18 B.R. 894, Bkrtcy.D.C.1982, this Court quashed the writs of garnishment for the reasons set forth in this Court's opinion of that date.

jury trial.[2] A motion to strike the jury demand was timely filed by ATA on the grounds that "(1) this case falls within this Court's 'summary jurisdiction' for which there is no right of jury trial" as of September 30, 1979; and "(2) defendants' attempt to have this Court recognize the existence of a trust relationship renders this case an action historically subject to the exclusive jurisdiction of courts of equity for which there is no right to a jury trial."

For the reasons set forth in this Memorandum Opinion, the Court determines that the underlying action, as well as with reference to the relief requested, is essentially an equitable action at common law and one therefore not entitled to a jury trial.

■ First, determination of the right to a jury trial within the parameters of the Bankruptcy Code of 1978 must be made by resort to the appropriate statutory test which is found in these words:

"Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979." 28 U.S.C. § 1480(a). Accordingly, this Court must, of necessity, resort to the status of law with respect to a right to a jury trial as the law existed on September 30, 1979—the date just prior to the effective date of the present Bankruptcy Code.

If a narrow interpretation of "statute" is accepted, the right to a jury trial will of necessity be curtailed because the parties seeking the right to a jury trial will have to predicate their right on a particular statutory provision that provided for a jury trial. Since such an interpretation would severely limit any right to a jury trial, this Court accordingly finds that the term "statute" should, of necessity, include reference to the Constitution, and the amendments thereto. In this case, specific resort to the 7th Amendment of the Constitution and the determination of the right of a jury trial will be based therefor on the traditional and time honored resort to the common law causes of action.

As this Court has already ruled with respect to the original motion filed herein for the striking of the jury demand, its order of June 18, 1982 and as more fully set forth in this Court's oral opinion from the bench on that same date, the action set forth in the complaint is not one subject to the time honored concept of the summary jurisdiction of the Bankruptcy Court. Summary jurisdiction of the old Bankruptcy Court was predicated on "summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession." See Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). The claim, however, asserted by the defendants in this case, with respect to the underlying nature of the bank accounts at issue, is one that is more than a "colorable claim" and, hence, one not subject to the summary jurisdiction of the Bankruptcy Court. See Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 67, 89 L.Ed. 558 (1944). In other words, the res is not one that would have been in the actual or constructive possession of the Court and, hence, a plenary proceeding would have been required under the Act. For this reason alone, resort to the traditional test of summary jurisdiction would not be proper under the facts of this case.

■ This, however, does not dispose of the underlying issue as the Court is now obligated to determine whether or not the right to a jury trial exists with reference to the nature of the issue, as well as with respect to the relief requested in the adversary proceeding. This Court must start with the general rule that if the civil action is one which is properly characterized as "at law", the right to a jury trial attaches. Conversely, if the action is one traditionally characterized as one "in equity" no such

2. Based on the filed answers of PATCO and the intervenors, the primary issue to be determined by this Court with reference to the now pending complaint is a determination of whether or not certain funds on deposit with National Savings and Trust Company are trust funds. If they are not trust funds as asserted, the funds in question are without dispute property of the estate within the meaning of 11 U.S.C. § 541(a).

right exists. *See* 47 Am.Jur.2d Jury, § 31 at 650.

■ PATCO's attempt to categorize the underlying action as one grounded at law because it is one which would essentially be an action for detinue, replevin or attachment—actions traditionally characterized at law—must fail when the complaint and issues involved, as well as the relief requested, are carefully analyzed. This complaint presently pending before this Court (as opposed to the prior action instituted by ATA in the Eastern District Court of New York which ultimately resulted in an attachment of PATCO's bank accounts) seeks solely a turn-over of property to the debtor-in-possession [3] on the grounds that the funds are property of the estate within the meaning of 11 U.S.C. § 541(a) and not funds held in trust as asserted by the defendant PATCO. Accordingly, characterizing the action as one in detinue or replevin would not be proper. This is a determination of whether property belongs to the estate and not to a specific secured creditor. Further, attachment is not a proper characterization of the action as the intervention of bankruptcy and the effect of the automatic stay, 11 U.S.C. § 362(a)(3), (4), would prohibit such legal action from taking place.

By resort to the traditional categories of recognized equitable actions, this pending complaint is more properly categorized as one at equity than one at law. *See* 5 Moore's Federal Practice § 38.11. The complaint is in essence a request for a turn-over of property to a debtor in possession and, based on the underlying facts and answer filed, a determination of whether those same funds are properly trust funds. The complaint is not seeking, in any way, money damages nor does it attempt to vest the funds in any other entity other than the debtor-in-possession. Furthermore, in view of the pending bankruptcy, there is clearly no adequate remedy at law with reference to the pending action and relief requested, if for no other reason than the broad legal effect of the automatic stay which became effective upon the filing of the petition. *See* 11 U.S.C. § 362(a)(3), (4). Accordingly, the pending action might properly be characterized as an action for restitution or one for general injunctive relief.

Moreover, the underlying issues dealing with the nature of the funds involved, and the trust relationship thereto, is what, in fact, caused the commencement of this action by the plaintiffs. In *Creedon v. Randolph*, 165 F.2d 918 (5th Cir. 1948), the Circuit Court of Appeals in ruling on an issue of restitution as an exercise of equity stated:

> "He asked for an order of restitution, which if granted would be in its nature a mandatory injunction. It would resemble an order in bankruptcy to turn over property of the bankrupt to his trustee or a decree enforcing an order of the National Labor Relations Board to make reparation for unfair labor practice." *Id.* at 919

Therefore, after a careful review of the pleadings filed in this action, as well as a review of the ad damnum clause and answers filed by PATCO and intervenors, the Court concludes that the defendant, and intervenors, have no right to a jury trial with respect to the plaintiff's complaint for declaratory judgment. The motion for reconsideration is therefore denied.

In view of the importance of this issue, arising as it does under a new section of the Bankruptcy Code, 28 U.S.C. § 1480, and because of the stated importance to the defendant with reference to the issues raised, the Court deems the matter of sufficient import for certification to the United States District Court on appeal as requested by the defendants.

---

**3.** Now, as a result of this Court's Order of July 6, 1982, which converted this case to a Chapter 7, any turn-over of property would be to the trustee. *See* 11 U.S.C. § 701 et seq.