**In re PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION, (PATCO), Debtor.**

**AIR TRANSPORT ASSOCIATION OF AMERICA, Plaintiff,**

v.

**PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION (PATCO), et al., Defendants.**

**Civ. A. No. 82–2012.**

United States District Court, District of Columbia.

Sept. 17, 1982.

272

Allen R. Snyder, Hogan & Hartson, Washington, D. C., for plaintiff.

Michael R. Lemov, Leighton, Conklin, Lemov, Jacobs & Buckley, Chartered, Washington, D. C., for defendants.

## OPINION AND ORDER

JACKSON, District Judge.

### I.

This case comes before the Court on appeal from an order of the Bankruptcy Court granting the motion of plaintiff Air Transport Association ("ATA") to strike the jury demand of defendant Professional Air Traffic Controllers Organization ("PATCO") in an adversary proceeding in connection with PATCO's Chapter 11 (since converted to Chapter 7) petition in the U. S. Bankruptcy Court for the District of Columbia. For the reasons set forth below, the order of the Bankruptcy Court is affirmed, 22 B.R. 212.

In August, 1981, plaintiff ATA obtained a judgment of $4.5 million for civil contempt against PATCO in the U. S. District Court for the Eastern District of New York.[1] ATA then registered its judgment on the "miscellaneous" docket in the U. S. District Court for the District of Columbia pursuant to 28 U.S.C., Section 1963, and caused a writ of attachment to issue to the National Savings and Trust Bank ("NS&T") in Washington, D. C., which held PATCO funds in a number of accounts. NS&T's answers to the interrogatories which accompanied the writ stated that the bank had not treated three of those accounts, each titled "PATCO Controller Benefit Fund," (the "Fund"), aggregating about $3.5 million, as assets of PATCO, although it "[did] not know whether the Court would so treat them," but that it would hold them subject to the order of the court.

Shortly thereafter one Robert E. Meyer, identified as "trustee for the National Controllers Subsistence Fund," filed a motion for leave to intervene in the attachment proceeding to assert an interest in the three accounts attached. His motion was accompanied by a demand for a jury trial on all issues raised thereby, and by his own affidavit. Meyer's affidavit described himself

---

1. PATCO was found in contempt of the court's order forbidding the organization to strike. *Air Transport Association of America v. Professional Air Traffic Controllers Organization,* 516 F.Supp. 1108 (E.D.N.Y.), aff'd 667 F.2d 316 (2d Cir. 1981).

as the Executive Vice President of PATCO (and under its constitution its chief financial officer), and continued to relate the origin of the Fund (also known as a "National Controller Subsistence Fund") as deriving from resolutions adopted at PATCO's 1977 and 1978 conventions to establish a perpetual trust fund for the benefit of PATCO's members. There is, however, no formal trust instrument.

In November, 1981, PATCO filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code[2] and did not include the Fund on its list of assets. ATA then removed the attachment proceeding to the Bankruptcy Court which ruled in March of 1982 that ATA had prematurely registered its judgment. The Bankruptcy Court vacated the registration, quashed the writ of attachment, and dismissed the attachment proceeding.[3]

ATA then filed an "amended complaint" seeking a declaratory judgment that the Fund is an asset of PATCO and, thus, a part of its bankruptcy estate. It named as defendants PATCO, NS&T, and Dominic V. Torchia who had, in the meantime, replaced Mr. Meyer as PATCO's Executive Vice President. In their answers (which reiterated Mr. Meyer's trust allegations) PATCO and Torchia both made timely jury demands which ATA moved to strike. In June, 1982, the Bankruptcy Court granted ATA's motion to strike, denied PATCO's motion for reconsideration, and certified the question for the instant appeal to this Court. The case is set for trial in the Bankruptcy Court on October 15, 1982.

**2.** 11 U.S.C., Section 101 *et seq.* PATCO later requested conversion of the proceeding to one for dissolution pursuant to Chapter 7.

**3.** The decision is currently on appeal to the United States Court of Appeals for the District of Columbia.

**4.** H.R.Rep.No. 595, 95th Cong., 2d Sess. 12 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5973:

[P]roposed Section 1480 requires that the right of jury trial be preserved as it is under present law. Bankruptcy courts will be required to hold jury trials to adjudicate what are under present law called "plenary suits,"

## II.

The right to a jury trial in bankruptcy proceedings exists, if at all, pursuant to 28 U.S.C., Section 1480(a):

Except as provided in subsection (b) of this section, this chapter [28 U.S.C., Section 1471 *et seq.*] and title 11 do not affect any right to a trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

The statute was enacted to preserve all rights to jury trial to which the parties would have been entitled prior to enactment of the new Bankruptcy Code.[4]

The courts previously faced with this issue have evolved two methods for determining the existence of a right to a jury trial. Some courts base their decision on a characterization of the action as summary or plenary. If, under the former bankruptcy law, the action would have been within the bankruptcy court's summary jurisdiction—viz., the disputed asset within the bankrupt's actual or constructive possession—the parties are not entitled to a jury trial. *See, e.g., Cline v. Kaplan,* 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944); *In re Lafayette Radio Electronics,* 7 B.R. 187 (Bkrtcy.E.D.N.Y.1980) (jury trial denied in action by debtor for assumption of an executory contract which would have been summary proceeding); *In re G.S.F. Corp.,* 7 B.R. 807 (Bkrtcy.D.Mass.1980) (jury trial denied for debtor-in-possession seeking reformation of equipment lease purchase op-

that is, suits that are brought in State or Federal courts other than the bankruptcy courts.

*See also In re Portage Associates, Inc.,* 16 B.R. 445, 447 (Bkrtcy.N.D.Ohio 1982); *In re G.S.F. Corp.,* 7 B.R. 807 (Bkrtcy.D.Mass.1980). Although this provision refers to rights to jury trials "provided by any *statute,*" the term has been interpreted to include the laws and Constitution of the United States. *In re Mozer,* 10 B.R. 1002, 1006 (Bkrtcy.D.Colo.1981); *In re Portage Associates, Inc.,* 16 B.R. at 447 n.2. The Court agrees with this interpretation and applies it to the instant case.

tion). If, however, the action would have been plenary, i.e., would have been required to have been brought in a state or federal court of general jurisdiction, the right to a jury trial is determined according to established seventh amendment or state law principles. *In re Portage Associates, Inc.,* 16 B.R. 445 (Bkrtcy.N.D.Ohio 1982) (plaintiff granted jury trial for claim for money damages for an alleged preference and denied jury trial for claim for an accounting); *In re Mozer,* 10 B.R. 1002 (Bkrtcy.D.Colo. 1981) (jury trial denied in action to set aside fraudulent conveyance and transfer property to trustee-in-bankruptcy).

Other courts have dispensed with the summary/plenary distinction and simply analyzed the case directly in seventh amendment terms, reasoning that since Congress purported to abolish the distinction between the two proceedings by granting the bankruptcy courts jurisdiction over both, continuing the distinction to determine jury trial rights is inconsistent with the new code's purposes. *In re Fleming,* 8 B.R. 746 (D.C.N.D.Georgia 1980) (jury trial denied in action to set aside fraudulent conveyance and recoup real property for the debtor's estate); *In re Frank Meador Buick, Inc.,* 8 B.R. 450 (Bkrtcy.W.D.Va.1981) (jury trial granted in action to construe contract of the debtor to buy car dealership).

Both ATA and PATCO urge the Court to apply the former test retaining the jurisdictional distinction. They agree that if the "Controller Benefit Fund" was in PATCO's actual or constructive possession, the proceeding is a summary one to which no right to a jury trial attaches. *See Cline v. Kaplan,* 323 U.S. 97, 98, 65 S.Ct. 155, 156, 89 L.Ed. 97 (1944); *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 481, 60 S.Ct. 628, 629, 84 L.Ed. 876 (1940); *Taubel-Scott-Kitzmiller Co. v. Fox.,* 264 U.S. 426, 432–433, 44 S.Ct. 396, 398–399, 68 L.Ed. 770 (1924). PATCO asserts that the Fund is not within its possession, because the moneys are physically located at NS&T where they were not treated as accounts of PATCO but rather as a trust fund. PATCO characterizes ATA's complaint as simply a "suit for money," a strictly legal action which has always contemplated the right to a jury trial. ATA contends that the Fund is within the court's summary jurisdiction and characterizes the action as an equitable claim to establish a trust, one for which no right to a jury trial exists under the seventh amendment.

■ As a threshold matter, the Court finds that the "Controller Benefit Fund" is within PATCO's actual or constructive possession and thus within what would have been regarded as the Bankruptcy Court's summary jurisdiction. The bank resolution forms PATCO completed for NS&T designate two of its officers (*qua* officers of PATCO, not trustees) to conduct any and all transactions in the accounts which are held as demand deposits. Although the Court recognizes that bank supplied forms are not necessarily indicative of the parties' intent for a particular fund, the resolution forms are the only currently operative instruments governing the right to direct disbursement of those funds, and only PATCO, through its designated agents, appears to have that right. But for these proceedings PATCO's two officers could withdraw funds at will from the accounts. Their ability to use the Fund entirely at their discretion without any further authorization or prior approval from anyone makes it impossible to conclude that these funds are not within PATCO's constructive possession and, thus, subject to the Bankruptcy Court's summary jurisdiction to the extent such a dichotomy remains viable.

■ Since summary proceedings do not entail jury trials, the inquiry could end here, but the Court finds the authority for abolishing the distinction to be persuasive.[5] In enacting the Bankruptcy Reform Act of 1978, Congress made clear its intent to modernize the bankruptcy laws and invest the bankruptcy courts with broad jurisdiction to hear all cases related to a bankrupt's

5. *See In re Fleming,* 8 B.R. 746; *In re Frank Meador Buick, Inc.,* 8 B.R. 450; Levy, *Trial by Jury Under the Bankruptcy Reform Act of 1978,* 12 Conn.L.Rev. 1 (1979).

petition.[6] It sought to eliminate the enormous volume of litigation over summary jurisdiction[7] and abandon the recondite idea of possession as a basis for jurisdiction.[8] In light of this legislative history, continuing the summary/plenary jurisdictional distinction to determine a party's right to a jury trial seems at odds with the stated purposes of the new Bankruptcy Code.

▆ Abolition of the distinction, however, does not alter the situation as to PATCO's right to have the case heard by a jury. Although the civil jury has been zealously guarded since the Constitution was written, and any "curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935), when a court exercises its powers of equity jury trials are neither required by law nor appropriate to the function. The principal inquiry is whether the essence of the relief sought is of legal or equitable character, and the key to such a determination is the nature of the issue to be tried, not the context in which it is raised. *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Dawson v. Contractors Transport Corp.,* 467 F.2d 727 (D.C.Cir.1972).

ATA is already possessed of a valid final judgment which it won in a New York court in what was, in PATCO's words, a "suit for money"—the contemporary equivalent of detinue or replevin—which it unsuccessfully sought to enforce by attachment.[9] It now seeks to have effect given to that judgment in the only forum now available to it, namely, a ruling from the Bankruptcy Court that the Fund should be counted among PATCO's assets where it can be reached by, *inter alia,* ATA as a judgment creditor, with the aid of the court as needed to compel its delivery. ATA has pursued its legal remedies to exhaustion.

But the equitable heart of this action is supplied by PATCO itself. PATCO intervened in the attachment proceeding and answered ATA's amended complaint in this action asserting in both that the Fund was a trust. It is PATCO who seeks affirmative equitable relief from the Court for the establishment of a trust *vel non* which could be accomplished only by either impressment of a trust upon the Fund or reformation of the instruments establishing the "Controller Benefit Fund" accounts to conform to the alleged fiduciary intent. Such actions are, and always have been, equitable and do not command a jury trial. *Hawkins v. Fradkin,* 85 U.S.App.D.C. 310, 178 F.2d 705, 708 (1949); *Shaull v. United States,* 82 U.S.App. D.C. 174, 161 F.2d 891, 895 (1947).

It is, therefore, this 17th day of September, 1982,

ORDERED, that the Bankruptcy Court's order granting ATA's motion to strike PATCO's jury demand is hereby affirmed and the appeal is dismissed.

6. H.R.Rep.No. 595, 95th Cong., 2d Session., 445 (1978), *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787, 6400. This jurisdiction is bestowed by Congress in 28 U.S.C., Section 1471. The Supreme Court, however, has recently held this provision unconstitutional, applied its ruling prospectively, and stayed its judgment until October 4, 1982 to afford Congress an opportunity to reconstruct its statutory scheme. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The purpose of the legislation remains salutary if the constitutional informity can be corrected.

7. H.R.Rep. at 46, *reprinted in* U.S.Code Cong. & Ad.News at 6007; S.Rep.No. 989, 95th Cong., 2d Sess. 17 (1978), *reprinted in* [1978] U.S.Code Cong. & Ad.News, 5787, 5803.

8. H.R.Rep. at 445–46, *reprinted in* U.S.Code Cong. & Ad.News at 6401.

9. Any right to a jury trial to vindicate the trust interests in the Fund conferred by the District of Columbia attachment statute, D.C.Code, Section 16–554, expired with the attachment itself.