### In re BEST PACK SEAFOOD, INC., Debtor.

### Stuart PENNELS, Trustee, Plaintiff,

### v.

### Donald BARNES Oxford Bank and Trust, Defendants.

Bankruptcy No. 281–00181.
Adv. No. 281–0277.

United States Bankruptcy Court, D. Maine.

Dec. 19, 1984.

Daniel Amory, Drummond, Woodsum & Plimpton, Portland, Me., for plaintiff.

Thomas Leahy, Monaghan, Leahy, Hochadel & Libby, Portland, Me., for defendant Oxford Bank.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

In this proceeding the trustee seeks to avoid and recover as fraudulent transfers, certain substantial payments made by defendant Barnes to defendant Oxford Bank and Trust. The trustee alleges that Barnes, sole stockholder and director of the debtor, caused funds of the debtor to be paid Oxford in satisfaction of obligations of Barnes, Barnes' wife and another entity controlled by Barnes. In a separate count the trustee seeks to avoid and recover from Oxford certain preferential transfers. Both defendants deny the allegations and demand a jury trial.

Are the defendants entitled to a jury trial in a proceeding to avoid and recover preferential or fraudulent transfers? The court concludes that they are not.

This proceeding is now controlled by 28 U.S.C. § 157, enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, which became effective on July 10, 1984.[1]

Section 157(b)(2) characterizes proceedings to determine, avoid or recover preferences and fraudulent conveyances as "core proceedings." Core proceedings are not specifically defined in the 1984 Act. However, Congress has apparently determined that core proceedings are proceedings dealing with "the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power...." *Northern Pipeline v. Marathon Pipe Line*, 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598, 615.

---

**1.** 28 U.S.C. § 1411, which purports to deal with jury trials, does not apply to proceedings such as this, which were pending on the date of enactment. Pub.L. 98–353, Section 122(b).

Bankruptcy judges may hear and determine all core proceedings arising under title 11, or arising in a case under title 11, referred to them and enter appropriate orders and judgments. 28 U.S.C. § 157(b)(1).[2] Clearly, Congress intended that these core proceedings be heard by the court without a jury. The added delay and expense of trial by jury of these core proceedings would frustrate the expeditious and effective administration of bankruptcy cases. Congress may accommodate the right to trial by jury to the need for expeditious proceedings. *Whitlock v. Hause,* 694 F.2d 861 (1st Cir.1982) (citing *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391).

An appropriate order will be entered.

---

**2.** By order of the U.S. District Court, District of Maine, dated July 11, 1984, all cases under title 11 and all civil proceedings arising under title 11 or arising in or related to cases under title 11 were referred to the bankruptcy judges of this district.