In re ENERGY RESOURCES CO., INC., Debtor.

ENERGY RESOURCES CO., INC., Plaintiff,

v.

Richard H. ROSEN and Texen Resources, Inc., Defendants.

Bankruptcy No. 83–0060–JG.
Adv. No. A83–0117.

United States Bankruptcy Court, D. Massachusetts.

May 15, 1985.

John M. Stevens, Foley, Hoag & Eliot, Boston, Mass., for plaintiff.

Thomas G. Shapiro, Shapiro & Grace, Boston, Mass., for defendants.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

Before the Court are Motions (two) to Strike Defendant's claims for a jury trial in this adversary proceeding. The debtor's complaint, by way of factual background, alleges that Richard Rosen ("Rosen"), was formerly president and a director of Erco. During his tenure, Erco had advanced Rosen over $600,000 in addition to his salary. In December 1982, immediately prior to the filing, the Board of Directors of Erco voted to accept an agreement whereby Rosen would be discharged as president of Erco; his debt to Erco would be discharged; Rosen would assume Erco's obligations to Texen (Erco's subsidiary); Rosen would receive 80% of the stock in Texen; and certain liens filed by Texen against Erco's property would be discharged. The Complaint alleges that formal acceptance of this agreement by Erco was subject to approval of the chief executive officer, Alio J. Buselli, and that Buselli would not execute such agreement without the approval of Erco's major creditors and investors. It is further alleged that Rosen implemented portions of this Agreement in January of 1983 by causing it to be executed by another officer on behalf of Erco. Rosen caused 80% of Texen stock to be transferred to himself. He still possesses 80% of Texen stock and is exercising control over Texen. Erco's claims against Rosen for more than $600,000 in advances were assigned to Texen.

Count I of the Complaint seeks a determination that the purported agreement between Erco and Rosen is invalid because it was entered into without authority and contrary to express conditions, and seeks turnover of Texen stock to Erco. Count 2 of the Complaint seeks to avoid Erco's transfer of stock in Texen to Rosen as a fraudulent transfer on the ground that it was unsupported by fair consideration [1] and requests reconveyance of the stock. Count 3 actually states two separate claims. It seeks to set aside the assignment of Erco's claims against Rosen to Texen as a preferential transfer pursuant to 11 U.S.C. § 547 and to avoid liens Texen filed against Erco properties between November 1982 and January 1983 as preferential transfers.

Texen's Answer and Rosen's Answer are virtually identical in all material respects. They answer count one by asserting that the agreement was not subject to conditions and is valid. In response to count two, they admit the Texen stock has not been surrendered. In response to count

---

1. The debtor does not specify under which statute it is proceeding with respect to this Court. It appears that the debtor could assert its cause of action in this Court under 11 U.S.C. § 548 or pursuant to M.G.L. c. 109A § 7, through 11 U.S.C. § 544.

three the defendants admit that Erco assigned to Texen its claim against Rosen.

As affirmative defenses Rosen and Texen assert that the Bankruptcy Court has no jurisdiction to determine this controversy. Rosen asserts that if any determination is made concerning the so-called "advance account", he is entitled to a credit of $40,000.

## DISCUSSION

At the outset, it is important to emphasize that this proceeding does not involve the question of whether the Bankruptcy Court has the power to conduct a jury trial, which is the subject of dispute in light of the 1984 amendments. *Compare In re Smith-Douglass, Inc.* 43 B.R. 616 (E.D.N.C.1985) (no prohibition or jury trials under 1984 amendments, but the procedure is impractical) *and Mohawk Industries v. Robinson Industries,* 46 B.R. 464 Adv. (D.Mass.1985) (without commenting on propriety of jury trial in bankruptcy court, such a procedure would be a waste of judicial time in view of required *de novo* review mandating a second jury trial) *with In re Gibbons Construction, Inc.,* 46 B.R. 193, 12 B.C.D. 463 (E.D.Ky.1984) (1984 amendments removed obstacle jury trials in bankruptcy court under emergency rule).

■ Nothing in the Bankruptcy Code expands or diminishes a litigant's right to a jury trial under the seventh amendment to the United States Constitution, any guarantee under applicable State Constitution, or under any applicable statute.[2] The Bankruptcy Court is the appropriate tribunal for determining whether there is a right to a trial by jury of issues for which a jury trial is demanded. Bankruptcy Rule 9015(b)(3) (1983).

■ In deciding whether a litigant has the right to a jury trial in a bankruptcy proceeding some courts analyze whether the action in question would have been a summary proceeding (requiring no jury trial) or a plenary proceeding (requiring a jury trial) under the Bankruptcy Act of 1898. *See, e.g., In re Portage Associates, Inc.,* 16 B.R. 445 (Bankr.N.D.Ohio 1982). Other courts dispense with this distinction, reasoning that it is outdated because the Code abolished these concepts as a basis for jurisdiction. *See, e.g., In re Fleming,* 8 B.r. 746, 748 (N.D.Ga.1980). I agree with the view that entitlement to a jury trial hinges on the nature of the cause of action rather than distinctions under the former Act. *E.g., In re Minton Group, Inc.,* 43 B.R. 705, 12 B.C.D. 479 (Bankr.S.D.N.Y. 1984); *In re Mozer,* 10 B.R. 1002 (Bankr.D. Colo.1981); *In re PATCO, Inc.,* 23 B.R. 271 (D.D.C.1982).

■ The seventh amendment of the United States Constitution preserves the right to a jury trial "[in] suits at common law." The Supreme Court in discussing the right to a jury trial has distinguished between legal claims, those seeking a judgment for money damages, and claims which seek the exercise of a court's equitable jurisdiction. *See, e.g., Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). "Hence the primary determination which must be made ... is whether the cause of action stands in law or equity". *In re Fleming,* 8 B.R. 746, 748 (N.D.Ga.1980). The right to a jury trial "depends on the nature of the issue to be tried rather than the character of the overall action." *Ross v. Bernhard,* 396 U.S.

**2.** This remains true even though the 1984 amendments omit the saving language of the now repealed provision of the Code. Whereas former 28 U.S.C. § 1480 provided: "This chapter and title 11 do not affect any right to a trial by jury in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11 ...", the new statute merely provides: "... this chapter and title 11 do not affect any right to a trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death for a claim." 28 U.S.C. § 1411. The leislative leaders responsible for drafting amendments have made clear that despite the inadvertent omission of the general preservation of the right to a jury trial, the right to a jury trial remains unaffected by the Bankruptcy Code. *See* Statement of Sen. Dennis DeConcini, III ABI News Letter No. 3, at p. 3 (Winter 1984/1985).

531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). Even though a complaint seeks monetary relief, it may nonetheless not necessarily be legal in nature. *See Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974). "... Monetary relief may flow from an equitable claim without acquiring a legal character." *Towers v. Titus*, 5 B.R. 786, 794–95 (N.D. Cal.1979). Where monetary relief must necessarily be a part of the equitable remedy, the case remains equitable in nature. *See Whitlock v. Hause*, 694 F.2d 861 (1st Cir.1982). For example, where a plaintiff seeks to recover monies alleged to be wrongfully withheld, the basis for such an action is wholly equitable. *See Towers v. Titus*, 5 B.R. 786 (N.D.Cal.1979).

■ It is now firmly established that an action to avoid a fraudulent conveyance is purely equitable in nature and does not require a jury trial even when an alternative claim for monetary relief is made. *E.g., In re Graham*, 747 F.2d 1383) (11th Cir.1984); *Whitlock v. Hause*, 694 F.2d 861 (1st Cir.1982); *Damsky v. Zavatt*, 289 F.2d 46 (2d Cir.1961); *Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir.1982); *In re Southern Rocky Mount, Inc.*, 36 B.R. 175 (Bankr.E.D.N.C.1983); *In re Fleming* 8 B.R. 746, (Bankr.N.D.Ga.1980); *In re O.P.M. Leasing Services, Inc.*, 35 B.R. 854 (Bankr.S.D.N.Y.1983).

■ Whether there is a right to a jury trial in a preference action is less clearly answered. The Supreme Court in *Schoenthal v. Irving Trust*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932), affirmed the allowance of a jury trial in a preference action, the essence of which sought monetary damages, reasoning that since the creditor had not consented to bankruptcy jurisdiction, a "plenary" action was required. *Id.* at 95. *In Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1965), the court upheld the denial of jury trial in a preference action because the defendant creditor had filed a proof of claim in the bankruptcy case and thus had consented to summary jurisdiction to order the return of the preference. *Id.* at 328, 86 S.Ct. at 471.

The court viewed the litigation as an essential part of the claims resolution process which is purely bankruptcy and equitable in nature *Id.* at 334–35, 86 S.Ct. at 475–76. One recent decision has ruled that there is no right to a jury trial in a preference action because the 1984 amendments, which characterize proceedings to recover preferences as "core" proceedings, permit the Bankruptcy Court to enter a final judgment in a preference action. *In re Best Pack Seafood, Inc.*, 45 B.R. 194, 195 (Bankr.D.Me.1984). There is no dispute that where the relief sought in a preference case is purely equitable, such as a request for turnover or reconveyance, and money damages are not being sought, there is no right to a jury trial. *See In re Sunair International, Inc.*, 32 B.R. 142, 145 (Bankr.S.D.Fla.1983); *In re Otis*, 13 B.R. 279 (Bankr.N.D.Ga.1981). If a preference suit seeks the return of the property transferred, the action is characterized as an action in equity and the right to jury trial does not exist. *L. King, 1 Collier on Bankruptcy*, ¶ 3.01[4][c][i] at 3–93–94 (15th ed. Supp.1983).

■ "... [I]n actions sounding in account and contract there is a right to a jury trial under the seventh amendment to the Constitution." *Matter of Kakolewski*, 29 B.R. 572 (Bankr.D.Mo.1983). Actions to establish liability on a debt require a jury trial. *In re Lamb*, 29 B.R. 950 (Bankr.E.D. Tenn.1983). In an action for breach of contract, a defendant has the right to have a jury determine whether the contract has been breached, and, if so, what are the damages. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1961). In *Dairy Queen* the relief requested was purely equitable—an injunction and an accounting. However, because the basis of the action was a claim for breach of contract, it was legal in nature, warranting a jury trial. *Id.* at 479, 82 S.Ct. at 900.

■ Some actions involving contract disputes are inappropriate for trial by jury. Generally, suits for recission or reformation are traditionally considered equitable because the plaintiff asks that the contract

be rewritten as opposed to enforcement of the contract. *E.g., Lulling v. Barnaby's Family Inns Inc.*, 499 F.Supp. 1353 (D.Wisc.1980). There is no constitutional or statutory basis for a jury trial on a complaint seeking interpretation of and reformation of a lease assignment. *In re GSF Corp.*, 7 B.R. 807 (Bankr.D.Mass. 1980). A suit for the cancellation of a mineral lease based on unauthorized execution of the document arises in equity and there is no right to a jury trial in such a case. *Gorenflo v. Texaco, Inc.*, 735 F.2d 835 (5th Cir.1984). A debtor is not entitled to a jury trial in an adversary proceeding seeking determination that a particular fund is an asset of the estate. *In re PAT-CO*, 23 B.R. 271 (D.D.C.1982). A suit to impress a trust on property has always been considered equitable and does not command a jury trial. *Id.* at 275.

 In the present case, the pleadings on file do not raise issues of a legal nature so as to require trial by jury. Count one of the Complaint, although confusing because it contains allegations raising multiple legal issues, basically seeks a declaratory judgment that Rosen's implementation of the proposed agreement to obtain Texen stock and to forgive Erco's claims against him were *ultra vires* and void because the appropriate corporate authorities did not approve the agreement. The relief sought in this count is equitable in that it seeks to cancel a purported agreement. Count one is not an action for breach of contract, but rather an action to void an alleged contract. Count two of the complaint seeks simply to avoid the transfer by Erco of 80% of the stock in Texen as a fraudulent transfer, and seeks return of the stock. This action is purely equitable in nature. Count three of the complaint seeks to avoid liens recorded by Texen against properties of Erco and to avoid assignments to Texen of Erco's claim against Rosen on the ground that these transfers constituted voidable preferences; since the request is for avoidance of liens, it is an equitable claim.

The prayers for relief support the conclusion that all three counts arise in equity.

The plaintiff requests a preliminary injunction enjoining defendants from transferring Texen stock or from paying Rosen without Erco's approval, seeks an order that Rosen turnover the Texen stock, seeks an order that Texen relinquish all claims against Rosen to Erco on the ground that assignment of such claims was a preferential transfer, and seeks an order setting aside Texen's liens in Erco's oil properties. Finally the applicant seeks "further relief as may be just and proper". Nowhere in the complaint is there any request for relief other than equitable in nature.

The defendant's Answers do not raise legal issues requiring a jury trial. The Answers contend that the agreement was properly executed, admit the advances by Erco to Rosen, admit that the stock has not been surrendered, and seek a credit in favor of Rosen on any claim against Rosen transferred back to Erco. The request for a credit does not alter the equitable nature of the claim.

In summary, the case turns on whether the Court should exercise its equitable powers of avoidance and turnover. The right to a jury trial does not exist in this case.

For these reasons the Motion to Strike Defendants' Demand for Jury Trial is allowed.