In re WHITE FURNITURE INDUSTRIES OF HUDSON, INC., f/d/b/a White Upholstery Industries, Inc., and FSW, Inc., Debtor.

J. Samuel GORHAM, III, Trustee in Bankruptcy for the Estate of White Furniture Industries of Hudson, Inc., f/d/b/a White Upholstery Industries, Inc., and FSW, Inc., Plaintiff,

v.

The RAY HAMLET COMPANY, INC., Defendant.

Bankruptcy No. ST–B–85–091.
Adv. No. 87–0117.

United States Bankruptcy Court,
W.D. North Carolina,
Statesville Division.

Oct. 8, 1987.

J. Samuel Gorham, III, Hickory, N.C., pro se.

Nancy Einstein, Lenoir, N.C., for defendant.

## ORDER DENYING MOTION FOR JURY TRIAL

MARVIN R. WOOTEN, Bankruptcy Judge.

This matter is before the Court upon the defendant's Motion for trial by jury of an adversary proceeding to avoid preferential transfers.

This adversary proceeding was instituted by the trustee to recover certain alleged preferential transfers from the defendant. The defendant, by its Answer, denied that the transfers were preferential, and, within apt time, moved for a trial by jury on all issues.

For the reasons set forth herein, the Court holds that the defendant is not entitled to a trial by jury.

Initially, it is observed that an adversary proceeding to avoid a preferential transfer is a case which may be resolved by the Bankruptcy Court. Title 28, Section 157(b)(1), United States Code, provides that the Bankruptcy Court "may hear and determine" all core proceedings referred to it by the District Court, and Section 157(b)(2)(F) provides that "proceedings to determine, avoid, or recover preferences" are core proceedings under Title 11.

Prior to the Bankruptcy Reform Act of 1978, a party's right to a jury trial depended on whether the action was summary or plenary in nature. Actions to avoid preferential transfers were summary in nature, and the parties were not entitled to a jury trial. *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

The Bankruptcy Reform Act of 1978 granted the Bankruptcy Court the power to conduct jury trials, subject to the existing summary and plenary distinctions. 28 U.S.C. § 1480(a) and 1471(a). Following *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Emergency Rule prohibited Bankruptcy Courts from conducting jury trials. The Emergency Rule was followed in turn by 28 U.S.C. § 1411, effective July 10, 1984, which provides as follows:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 [28 U.S.C.S. §§ 1391 et seq.; 11 U.S.C.S. §§ 1 et seq.] do not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death tort claim.

(b) The district court may order the issues arising under section 303 of title 11 [11 U.S.C.S. § 303] to be tried without a jury.

The Court does not believe that the Seventh Amendment to the U.S. Constitution imposes a right to trial by jury, as Bankruptcy Courts are equitable in nature. *Katchen v. Landy, supra; Carriero v. Carriero*, 21 B.R. 132, 6 C.B.2d 1011 (Bankr.D.Mass.1982); *Otis v. Otis*, 13 B.R. 279, 4 C.B.2d 1333 (Bankr.N.D.Ga.1981).

Preference actions are equitable in nature, seeking to avoid the transfer of the debtor's interest in property. 11 U.S.C. § 547. The fact that the interest in property may be currency does not alter the nature of the proceeding. *Katchen v. Landy, supra; Carriero v. Carriero, supra; Baldwin–United Corporation v. Thompson,* 48 B.R. 49, 12 C.B.2d 378 (Bankr.S.D.Ohio 1985). *Cf. Saker & Co., Inc., v. Saker, Inc.,* 37 B.R. 802 (Bankr.S.D.N.Y.1984); *Arnett Oil, Inc., v. Farmers and Merchants Bank,* 44 B.R. 603, 12 C.B.2d 124 (Bankr.N.D.Ind.1984) (Decided under the 1978 Bankruptcy Reform Act).

■ The Court's holding is not changed by Bankruptcy Rule 9015. That Rule does not state what issues are triable by a jury, but rather establishes procedures for trial of those issues which are triable. *See Baldwin–United Corporation v. Thompson, supra. Cf. Saker & Co., Inc., v. Saker, Inc., supra* (Decided under the Emergency Rule).

The Supreme Court has long recognized that the purpose of bankruptcy laws is "to secure a prompt and effective administration and settlement of the estate(s) of all bankrupts within a limited period." *Katchen v. Landy* at 328. This concept was set forth in the recent case of *Best Pack Seafood, Inc., v. Barns,* 45 B.R. 194 (Bankr.D.Ma.1984) as follows:

> Clearly, Congress intended that these core proceedings be heard by the Court without a jury. The added delay and expenses of trial by jury of these core proceedings would frustrate the expeditious and effective administration of bankruptcy cases. Congress may accommodate the right to trial by jury to the need for expeditious proceedings. *Whitlock vs. Hause,* 694 F.2d 861 (1st Cir. 1982) (citing *Katchen vs. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391).

45 B.R. at 195.

■ In conclusion, this Court holds that the Bankruptcy Code does not, directly or indirectly, provide a right to a jury trial in preference actions. It has long been the intent of the bankruptcy laws that preference actions were equitable in nature, thus making jury trials unavailable. It is the opinion of this Court that this concept remains valid.

Therefore, the defendant's Motion for a jury trial should be denied.