**In re LAFAYETTE RADIO ELECTRONICS CORPORATION et al., Debtors.**

**Bankruptcy No. 880–00042.**

United States Bankruptcy Court, E. D. New York.

Nov. 5, 1980.

Levin & Weintraub, New York City, for debtor.

Abrams & Mazer, Monroeville, Pa., for Jonnet Development Corp.

C. ALBERT PARENTE, Bankruptcy Judge.

Lafayette Radio Electronics Corporation (hereafter "debtor") seeks authority by order to show cause dated July 25, 1980, to assume a real estate lease entered into with Jonnet Development Corporation (hereafter "landlord") and permission to sublease the premises to Roman's Stores of Pennsylvania.

The landlord heretofore sought to dismiss the debtor's application for lack of jurisdiction. Landlord's motion was denied by a decision rendered on August 11, 1980.

Sequent thereto and on August 25, 1980, the landlord interposed an answer to the debtor's application and demanded a jury trial. The thrust of the landlord's request for a jury trial posits on the provisions of law following:

(1) 28 U.S.C. § 1480;

(2) the seventh amendment to the Constitution of the United States;

(3) Rule 115(b)(2) of the Rules of Bankruptcy Procedure; and

(4) the Declaratory Judgment Statute for the Commonwealth of Pennsylvania.

The debtor's rebuttal to landlord's contention asserting that a proceeding to reject or assume executory contracts is not clothed with the right to a jury trial.

The question distills to whether the assumption and assignment of an executory contract pursuant to 11 U.S.C. § 365 carries with it the right to a jury trial.

I.

Section 241(a) of the Bankruptcy Code amended Title 28 of the United States Code

by adding a new Chapter 90 entitled "District Courts and Bankruptcy Courts". Said chapter includes § 1480, which embodies the sole reference under the Bankruptcy Code addressing the right to a jury trial. Section 1480 provides in relevant part:

> (a) Except as provided in subsection (b) of this section, this chapter and Title 11 do not affect any right to trial by jury, in a case under Title 11 or in a proceeding arising under Title 11 or arising in or related to a case under Title 11, that is provided by any statute in effect on September 30, 1979.

Albeit incipient case law under the Bankruptcy Code has not yet dealt with a definitive interpretation of the right to a trial by jury, the legislative history indicates that § 1480 contemplated the preservation of any right to a jury trial in a proceeding arising under Title 11 or related to a case under Title 11 *that was provided by any statute in effect on September 30, 1979.* H.R. Report No. 95–595, 95th Congr., 1st Session at p. 448 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787. Emphasis added.

Thus, to determine whether the landlord is entitled to a trial by jury in the case at bar, the Court must decide whether the issues raised in a proceeding to assume or reject executory contracts fall within the ambit of matters triable by a jury prior to October 1, 1979.

Under the Bankruptcy Act, debtor's rejection or assumption of an executory contract was a matter of intra–case administration subject to the exclusive jurisdiction and supervision of the Bankruptcy Court. *In re Louis K. Liggett Co.,* 4 F.Supp. 695 (S.D.N.Y. 1933); 4A Collier on Bankruptcy (14th Ed.) ¶ 70.44. Correlatively, the adjudication of questions concerning the administration of the debtor's estate were denominatively and distinctly delineated as summary proceedings. *In re Dolly Madison Industries, Inc.,* 504 F.2d 499 (3rd Cir. 1974); *In re Warren,* 387 F.Supp. 1395 (S.D.Ohio, 1975); *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

The Supreme Court of the United States in *Katchen v. Landy,* supra, was confronted with the issue of whether there is a constitutional right to a jury trial under the seventh amendment in summary proceedings conducted in a bankruptcy court. Responsive thereto, the Court articulated the precept that since the absolute right of trial by jury under the seventh amendment does not extend to cases of equity jurisdiction, and whereas summary proceedings in bankruptcy courts are inherently proceedings in equity, the constitutional right to a jury trial in summary proceedings does not obtain. *Katchen v. Landy,* supra.

Cases subsequent to *Katchen v. Landy,* supra, have extended the Supreme Court holding. Thus, as of September 30, 1979, no right to a jury trial in summary proceedings existed except as provided by § 17(c)(5) (applications to determine dischargeability of debts), and § 19 (involuntary proceedings) of the Bankruptcy Act. *In re Eastern Freight Ways, Inc.,* 577 F.2d 175 (2nd Cir. 1978); Levy, "Trial By Jury Under the Bankruptcy Reform Act of 1978", 12 Conn. L.Rev. 1 (Fall, 1979).

 Premised on the foregoing analysis, the Court dispositively finds that parties involved in what is deemed a summary proceeding under the Bankruptcy Code are not entitled to a jury trial under either 28 U.S.C. § 1480, or the seventh amendment to the United States Constitution. The assumption or rejection of an executory contract pursuant to 11 U.S.C. § 365 palpably pertains to a summary proceeding, thereby negating the right to a trial by jury.

## II.

Relative to the landlord's contention that under Rule 115(b)(2) of the Rules of Bankruptcy Procedure and the Declaratory Judgment Statute for the Commonwealth of Pennsylvania, it is entitled to a trial by jury, the Court finds that said contention lacks legal efficacy premised upon the grounds following:

First: Rule 115(b)(2) applies only to involuntary proceedings. Rule 115(b) provides in relevant part:

(2) When trial by jury has been demanded in accordance with this rule, the trial of all issues so demanded shall be by jury unless the alleged bankrupt, by a writing filed with the court or by an oral statement made in open court and entered in the record, consents to trial by the Court sitting without a jury. A trial with an advisory jury or a jury trial conducted as of right on consent of the parties may be ordered in accordance with Rule 39(c) of the Federal Rules of Civil Procedure.

■ The bankruptcy court's discretionary power under Rule 115(b)(2) to submit issues not triable of right by a jury under § 19 of the Bankruptcy Act to an advisory jury does not extend. beyond involuntary proceedings. *In re Automotive Discount Warehouse*, 1 B.C.D. 1278 (N.D.Maine 1975); 12 Collier on Bankruptcy (14th Ed.) ¶ 115.04; Levy, "Trial by Jury Under the Bankruptcy Reform Act of 1978", supra at p. 12. Therefore, Rule 115(b)(2) does not apply in the case at bar.

■ Second: The record is not supportive of the landlord's contention that a proceeding under 11 U.S.C. § 365 takes the format of an application for a declaratory judgment. The landlord has not brought to the attention of the Court any case, nor can the Court find any case which sustains the landlord's allegation. Further, the final relief granted in a § 365 proceeding is patently not a declaratory judgment, but rather an order authorizing the debtor to either assume or reject an executory contract. 11 U.S.C. § 365(a). Therefore, the declaratory judgment statute as enacted in the Commonwealth of Pennsylvania is not relevant in the case at bar.

Premised on the foregoing findings and principles of law, the Court concludes that the landlord's demand for a jury trial in the case at bar must be denied.

Settle order.