**In re Glen OTIS, Debtor.**

**Gus L. WOOD, Trustee, Plaintiff,**

v.

**Judy Stephens OTIS, Defendant.**

**Bankruptcy No. 80–00406N.
Adv. No. 81–0047N.**

United States Bankruptcy Court,
N. D. Georgia,
Newnan Division.

Aug. 12, 1981.

Gus L. Wood, Newnan, Ga., trustee.

Larry Bryant, Atlanta, Ga., for defendant.

### ORDER

W. Homer DRAKE, Jr., Bankruptcy Judge.

The trustee in the instant case is seeking to have a transfer of real property from the above-referenced debtor to the defendant, Judy Stephens Otis, be declared either a fraudulent transfer within the scope of 11 U.S.C. § 548 or, a voidable preference within the scope of 11 U.S.C. § 547. The defendant, in her answer, asked this Court for a jury trial as to any disputed facts arising out of the plaintiff's original complaint and the defendant's counterclaim. On May 21, 1981, the plaintiff filed his motion to strike the portion of the defendant's answer which requested a jury trial. The trustee's motion to strike is the subject of this Order.

The right of a trial by jury under the Bankruptcy Act of 1978 arises by operation of 28 U.S.C. § 1480(a). That section states:

"(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979."

The legislative history to this section states:

"Subsection (a) continues any current rights of litigants in bankruptcy cases, such as plenary actions, to a jury trial. The exception provided in subsection (b) is to the trial of issues arising on the trial of an involuntary bankruptcy petition" H.R.Rep.No.595, 95th Cong., 1st Sess. 448 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6404.

Thus, the right to a trial by jury under the Bankruptcy Reform Act is defined by the right to trial by jury under prior bankruptcy law.

Under prior law, it was necessary to draw a distinction between law and equity in order to determine whether one had the right to have the issues of a case determined by a jury. *Katchen v. Landy*, 382 U.S. 323, 337, 86 S.Ct. 467, 477, 15 L.Ed.2d 391 (1966). An action by a trustee in bankruptcy to set aside a fraudulent conveyance and for an accounting has long been cognizable in equity. *Damsky v. Zavatt*, 289 F.2d 46, 53 (2nd Cir. 1961) [citation omitted]; 5 *Moore's Federal Practice*, § 38.11(6), p. 83–85 (2nd ed. 1979) It follows that the seventh amendment is inapplicable to such a claim. *Damsky* at 53 [citations omitted]

The issue of whether the transfer in the instant case is a voidable preference pursuant to 11 U.S.C. § 547 is presented to the Bankruptcy Court as an equitable issue. Case law under the Bankruptcy Act recognized that the question of whether a transfer was a voidable preference was intended

by Congress to be summarily determined in the Bankruptcy Court. *Katchen v. Landy*, 382 U.S. 323, 339, 86 S.Ct. 467, 478, 15 L.Ed.2d 391 (1966) Accordingly, the issue of voidable preferences in the instant case are issues in equity and need not be the subject of a jury trial. Also, the defendant's counterclaim seeks relief which is equitable in nature and, therefore, a jury trial is not needed on those issues.

Therefore, IT IS ORDERED AND ADJUDGED that the trustee's motion to strike portions of the defendant's answer be granted and that clause (b) of the prayer for relief in the defendant's answer be, and hereby is, stricken.

IT IS SO ORDERED.