**In re FIDELITY AMERICA FINANCIAL CORPORATION.**

**(Jointly Administered With)**

**In re FIDELITY AMERICA MORT-GAGE CO. (A Pennsylvania Corporation).**

**In re FIDELITY AMERICA MORT-GAGE CO. (A Delaware Corporation).**

**In re FIDELITY AMERICA MORTGAGE CO. (A Nevada Corporation), Debtors.**

**Norman M. KRANSDORF, Trustee, Plaintiff,**

**v.**

**Harvey P. MURRAY, Jr. and Nancy K. Murray and Realty General Associates, Inc., Defendants.**

**Bankruptcy Nos. 81–00385G to 81–00388G. Adv. No. 82–0106G.**

United States Bankruptcy Court, E. D. Pennsylvania.

May 13, 1982.

Don P. Foster, Alexander N. Rubin, Jr., Fell, Spalding, Goff & Rubin, Philadelphia, Pa., for plaintiff, Norman M. Kranzdorf, Trustee.

Harvey P. Murray, pro se.

Howard M. Newstadt, Sunbury, Pa., Richard C. Fox, Fox, Farr, Goldstein & Cunningham, Harrisburg, Pa., for defendants.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before the court is whether the demand for a jury trial by one of the defendants in this case should be granted. We conclude that the defendant is not entitled to a jury trial because the instant complaint is in the nature of a request for an accounting and for a turnover of property of the estate and, consequently, even under the provisions of the Bankruptcy Code, is a proceeding which is triable by the bankruptcy court without a jury.

The question before us arises as a result of the demand by Realty General Associates, Ltd. ("Realty"), one of the defendants, for a jury trial.[1] The plaintiff, who is the trustee of the various debtors named in the complaint, objects to said demand.

Our decision is controlled by § 1480 of Title 28 of the United States Code, which provides:

> (a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.[2]

Since § 1480 preserves the right to a jury trial that existed on September 30, 1979, the last day that the Bankruptcy Act ("the Act") was in effect, it is necessary to determine whether the defendants would have been entitled to a jury trial under the Act. We conclude that the proper method of making such a determination is to first decide whether the instant complaint would have been a summary or a plenary action.[3] Under the Act, a summary action was triable before the bankruptcy court without a jury.[4] On the other hand, a plenary action

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. 28 U.S.C. § 1480(a) (as enacted by The Bankruptcy Reform Act of 1978, Pub.L.No.95–598, § 241(a), 92 Stat. 2671).

3. *Accord, In re D. H. Overmyer Telecasting Co., Inc.,* 18 B.R. 107 (Bkrtcy.N.D.Ohio 1982); *In re Portage Assoc., Inc.,* 16 B.R. 445 (Bkrtcy.N.D. Ohio 1982); *In re Otis,* 13 B.R. 279, 4 C.B.C.2d 1333 (Bkrtcy.N.D.Ga.1981); *In re Mozer,* 10 B.R. 1002, 7 B.C.D. 849 (Bkrtcy.D.Colo.1981);

*In re G.S.F. Corp.,* 7 B.R. 807, 3 C.B.C.2d 466 (Bkrtcy.D.Mass.1980); *In re Lafayette Radio Elec. Corp.,* 7 B.R. 187, 6 B.C.D. 1197 (Bkrtcy. E.D.N.Y.1980). *See generally,* 1 Collier on Bankruptcy ¶ 3.01[c][i] (15th ed. 1981). *But see, In re First Fin. Group of Texas, Inc.,* 11 B.R. 67, 7 B.C.D. 896 (Bkrtcy.S.D.Tex.1981); Levy, *Trial by Jury under the Bankruptcy Reform Act of 1978,* 12 Conn.L.Rev. 1 (1979).

4. Under the Act, the bankruptcy courts were essentially courts of equity and determined issues by non-jury methods. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391

was triable in the state or federal courts and there might have been a right to a jury trial depending on the type of action.[5]

An action brought under the Act was determined to be summary or plenary based on whether the action dealt with property of the estate which was in the actual or constructive possession of the bankruptcy court.[6] The bankruptcy courts had "summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession."[7] In the instant case, the trustee's complaint seeks an accounting and a turnover of funds which were property of the debtors and in their actual possession at the time their petitions for reorganization under chapter 11 of the Bankruptcy Code were filed. The trustee's complaint alleges that those funds were wrongfully transferred to the defendants after the date of the filing of the chapter 11 petitions. If the trustee's allegations are true, then the defendants disposed of property of the estate which property was in the actual possession of the bankruptcy court. Thus, we conclude that the instant action would have been a summary proceeding under the Act and would have been triable by the bankruptcy court without a jury.[8] Hence, we conclude that the defendant, Realty, has no right to a jury trial.

(1966); *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). In *Katchen*, the United States Supreme Court held that the Seventh Amendment's guarantee of a right to a trial by jury was not applicable to the summary proceedings before the bankruptcy courts. 382 U.S. at 338–39, 86 S.Ct. at 477–78.

5. *See, e.g., In re Portage Assoc., Inc.*, 16 B.R. 445 (Bkrtcy.N.D.Ohio 1982); *In re Mozer*, 10 B.R. 1002, 7 B.C.D. 849 (Bkrtcy.D.Colo.1981).

6. *See, e.g., Cline v. Kaplan*, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944); *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940); *PIC Realty Corp. v. Evans*, 605 F.2d 476 (9th Cir. 1979).

7. *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 481, 60 S.Ct. 628, 629, 84 L.Ed. 876 (1940).

8. *See, e.g., Towers v. Titus*, 5 B.R. 786 (N.D. Cal.1979); *In re Newman*, 14 B.R. 1014 (Bkrtcy.S.D.N.Y.1981); *In re Otis*, 13 B.R. 279, 4

C.B.C.2d 1333 (Bkrtcy.N.D.Ga.1981); *In re Mozer*, 10 B.R. 1002, 7 B.C.D. 849 (Bkrtcy.D. Colo.1981); *In re Fleming*, 8 B.R. 746, 7 B.C.D. 252, 3 C.B.C.2d 589 (Bkrtcy.N.D.Ga.1980). Although in counts II and III of his complaint the trustee also seeks a money judgment for conversion and for enforcement of a note, those counts are based on the same transaction as the first count of the complaint and are inextricably woven into that count. Therefore, we conclude that the fact that the trustee has included counts II and III in his complaint does not change the essentially equitable and summary nature of his complaint. *Accord, Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Slack v. Havens*, 522 F.2d 1091, 1094 n.4 (9th Cir. 1975); *Towers v. Titus*, 5 B.R. 786 (N.D.Cal.1979); *In re Newman*, 14 B.R. 1014 (Bkrtcy.S.D.N.Y.1981); *In re Fleming*, 8 B.R. 746, 7 B.C.D. 252, 3 C.B.C.2d 589 (Bkrtcy.N.D.Ga.1980).