In re Anne Marie HUEY, aka Anne Marie Nickinello formerly an officer of Pacific Soft Service, Inc. dba Anntonys Ice Cream Parlor and, dba Slimcerely Yours, Debtor.

Anthony P. NICKINELLO, Jr., et al., Appellant,

v.

Jerome E. ROBERSON, Trustee, Appellee.

BAP No. NC 81-1338 EKV.
Bankruptcy No. 580-03267-M.
Adv. No. 810698.

United States Bankruptcy Appellate Panels Of The Ninth Circuit.

Argued Feb. 19, 1982.
Decided Sept. 10, 1982.

Edward B. Lozowicki, Pettit & Martin, San Jose, Cal., for appellant.

Esther Z. Hirsh, Goldberg, Stinnett & MacDonald, San Francisco, Cal., for appellee.

Before ELLIOTT, KATZ and VOLINN, Bankruptcy Judges.

OPINION

ELLIOTT, Bankruptcy Judge:

With leave of the panel, Anthony P. Nickinello, Jr. appeals from a denial of his demand for jury trial.

Nickinello was sued by the trustee in bankruptcy to recover "certain personal property, including monies in the sum of $41,770.00". The trustee alleges that the transfer of said property was with an actual intent to hinder, delay or defraud creditors.

The issue is, when the defendant is being sued under 11 U.S.C. § 548(a)(2) for the avoidance of a fraudulent transfer of money, is the defendant entitled to a jury trial. We hold that he is entitled to a jury trial and reverse.

The prayer of the trustee's complaint seeks only to avoid the transfer and for a return of money. He does not seek an accounting, a restraining order, or other equitable relief. Complete relief can be granted to the trustee by granting him a judgment for money. Under these facts, the defendant is entitled to a jury trial, *Warmath v. O'Daniel* (6th Cir. 1908) 159 F.87, 20 Am.B.R. 101; *Schoenthal v. Irving Trust Co.* (1933) 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185.

Cases such as *Senchal v. Carroll*, C.A. 10th (1968), 394 F.2d 797 are to be distinguished in that in addition to cash, the property fraudulently transferred was real and personal property and the plaintiff prayed for an accounting and injunctive relief in addition to recovery of the money. In the case before us there is nothing in the complaint or in the record showing that the trustee seeks recovery of anything other than money.

District Judge Orrick, in *Towers v. Titus,* (D.C.N.D. CA, 1975) 5 B.R. 786, states:

In this country there has always been a strong presumption in favor of jury trials for resolving issues of fact in civil litigation. *Dimick v. Schiedt,* 293 U.S. 474, 485–86, 55 S.Ct. 296 [300–01] 79 L.Ed. 603 (1935); *Beacon Theatres v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

See also *Dairy Queen v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed. 44.

Where the only property transferred and the only property the trustee seeks to recover is money, we have no difficulty in applying this presumption in favor of jury trials.

Appellant's reliance on Rule 725.1 of the Local Rules of the Northern District of California is misplaced. That rule, requiring jury trials to be conducted by a district judge, has been superseded by the new Bankruptcy Code, see 28 U.S.C. §§ 1471(c) and 1480. In addition, the Bankruptcy Court for the Northern District of California adopted new rules on December 7, 1979 applicable to cases filed after October 1, 1979. The local rules applicable to this proceeding have no rule on jury trials.

This proceeding is remanded to the trial court with instructions to grant a jury trial to appellant.