In re COAST TRADING COMPANY, INC., Debtor.

Harry MASTO, dba Harry Masto Farms and Harry Masto Produce Company, Inc., a Washington corporation, Plaintiff,

v.

COAST TRADING COMPANY, INC., the Oregon Bank and the Bank of Nova Scotia, Defendants.

Bankruptcy No. 382–00974.
Adv. No. 82–0641.

United States Bankruptcy Court, D. Oregon.

Nov. 26, 1982.

P. Anne Klassner, Portland, Or., for debtor.

Victor Van Koten, Portland, Or., for plaintiff.

Howard Levine, Portland, Or., for Oregon Bank.

Kevin Padrick, Portland, Or., for Bank of Nova Scotia.

FOLGER JOHNSON, Bankruptcy Judge.

This matter came before the court on November 16, 1982, for oral arguments on the issue of the plaintiffs-reclaiming sellers-right to a jury trial in their reclamation suit. The court concludes that the plaintiff is not entitled to a jury trial.

The right to a trial by jury is governed by 28 U.S.C. § 1480(a), which provides:

"Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979."

Since § 1480 preserves the right to a jury trial that existed on September 30, 1979, the last day that the Bankruptcy Act of 1898 was in effect, it is necessary to determine whether the defendants would have been entitled to a jury trial under the Act. In sum, the Code preserved the rights to a jury trial under the old Act and it did not expand these rights to new or different areas of litigation.

The first step in deciding whether one has a right to a jury trial is to make a determination of whether the instant complaint would have been a summary or a plenary action. See *In re Portage Assoc., Inc.,* 16 B.R. 445 (Bkrtcy.N.D.Ohio 1982); *In re D.H. Overmyer Telecasting Co., Inc.,* 18 B.R. 107 (Bkrtcy.N.D.Ohio 1982); *In Re Mozer,* 10 B.R. 1002 (Bkrtcy.D.Colo.1981); *In Re G.S.F. Corp.,* 7 B.R. 807 (Bkrtcy.D.

Mass.1980); *In Re Otis,* 13 B.R. 279 (Bkrtcy. N.D.Ga.1981); *In re Lafayette Radio Elec. Corp.,* 7 B.R. 187 (Bkrtcy.E.D.N.Y.1980); *In re Fidelity America Financial Corp.,* 20 B.R. 115 (Bkrtcy.E.D.Penn.1982). Under the Act, a summary action was triable before the Bankruptcy Court without a jury. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). A plenary suit, depending on the type of action, may have carried with it a right to a jury trial.

An action was determined to be summary or plenary based on whether the action dealt with property of the estate which was in actual or constructive possession of the Bankruptcy Court. If the Bankruptcy Court was in actual or constructive possession, summary jurisdiction existed. The complaint in issue is a reclamation suit, and such has been held to be summary in nature. 2 Collier on Bankruptcy ¶ 23.11 (14th ed. 1980).

In the case of *In re Overmyer Telecasting Co., Inc.,* 18 B.R. 107 (Bkrtcy.N.D. Ohio 1982) the court held that under 11 USC 1480(a) one bringing a reclamation suit is not entitled to a jury trial. The court concluded that since the old Act did not give a reclaiming seller the right to a jury trial, Id. at 108, citing *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940), the Code also would not provide a reclaiming seller the right to a jury trial.

Judgment shall therefore be entered for defendants.