In re SUNAIR INTERNATIONAL, INC., d/b/a Sunair, Debtor.

A.W. BECK, Trustee, Plaintiff,

v.

FAIRCHILD AIRCRAFT CORPORATION, etc., Defendant.

Bankruptcy No. 82–00405–BKC–JAG.
Adv. No. 83–0335–BKC–JAG–A.

United States Bankruptcy Court,
S.D. Florida.

July 25, 1983.

Patrick S. Scott, Miami, Fla., for defendant.

Raymond Ray, Fort Lauderdale, Fla., for plaintiff.

## MEMORANDUM DECISION RE: RIGHT TO TRIAL

### AND

## ORDER TRANSFERRING ADVERSARY PROCEEDING TO DISTRICT COURT

JOSEPH A. GASSEN, Bankruptcy Judge.

THIS MATTER came on to be heard on June 27, 1983 at a status conference called by this Court to consider the issue of Defendant's right to a jury trial of the captioned adversary proceeding and the briefs thereafter submitted by the parties regarding the issue.

The facts of this case are straightforward. The debtor, SUNAIR INTERNATIONAL, INC., ("SUNAIR"), and the defendant's predecessor, Swearingen Aircraft Corporation, entered into a prepetition written contract for the sale of two aircraft from Swearingen to SUNAIR for $2,951,-260. SUNAIR made three payments of $100,000 each toward the purchase of the planes prior to filing its voluntary Chapter 11 petition in this court. The last of these three payments was made to Swearingen within 90 days prior to the filing.

SUNAIR's reorganization attempt was unsuccessful. The plaintiff was appointed trustee, and the case was converted to a Chapter 7 proceeding on December 1, 1981. On April 1, 1983, the trustee filed a complaint to initiate this adversary proceeding against Swearingen's successor. In Count I, the plaintiff seeks to recover what it alleges to be a voidable preference under 11 U.S.C. § 547(b) in the amount of the third payment of $100,000. Count II seeks to recover under a quantum meruit theory the $200,000 paid outside of the preference period, on the basis that these payments allegedly exceeded the true amount of damages which the defendant incurred when SUNAIR defaulted under the contract.

As a result of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the United States District Court for the Southern District of Florida has adopted an "Emergency Rule" to govern the jurisdiction of this court until such time as Congress enacts appropriate legislation to correct the flaw which rendered unconstitutional the jurisdictional grant provided in § 241(a) of Public Law 95–598. Briefly stated, Section (c)(1) of the Emergency Rule provides an automatic reference by the district court to the bankruptcy court of all matters which have been within the bankruptcy court's jurisdiction prior to the *Marathon* case. Section (c)(2) permits the district court to withdraw the reference either *sua sponte* or on motion of a party, and section (d)(1) requires a bankruptcy judge to transfer to the district court certain matters even where reference has not been withdrawn.

In the instant case, plaintiff filed its Motion for Withdrawal of Reference in the district court and—because section (c)(2) of the Emergency Rule provides that this court is not stayed during the pendency of a motion to withdraw reference—filed its Motion to Dismiss in this court. This court denied the Motion to Dismiss, citing *In re Braniff Airways, Inc.*, 700 F.2d 214 (5th Cir.1983).

Because the Emergency Rule does not provide any authority for this court to decline the automatic reference and because this adversary proceeding did not at that time fit within any of the categories of

section (d)(1) requiring transfer, this proceeding was set for trial in the bankruptcy court.

The defendant filed its Answer, Affirmative Defenses Counterclaim and Demand for Jury Trial as to both counts of the trustee's complaint. The parties are in agreement that section (d)(1)(D) of the Emergency Rule requires that matters as to which a party has rightfully asserted a demand for jury trial may be tried only in the district court. The issue then, is whether the defendant has a right to a jury trial of either count of the complaint.

█ We begin with the premise that the right to trial by jury in bankruptcy matters is not affected by the Bankruptcy Code. 28 U.S.C. § 1480(a). From that point, the jury issue requires a more complex analysis. Most authorities are in agreement that 28 U.S.C. § 1480 preserves the right to a jury trial as given, not only by "statute", but also by the Seventh Amendment of the United States Constitution. *In re Mozer,* 10 B.R. 1002, 1006 (Bkrtcy.D.Colo., 1981) citing *American Federation of Labor v. Watson,* 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873 (1946); *In re Professional Air Traffic Controllers Organization,* 23 B.R. 271 (D.D.C., Bkrtcy.1982); Levy, Trial by Jury Under the Bankruptcy Reform Act of 1978, 12 Conn.L.Rev., No. 1. *See also* 1 Collier on Bankruptcy ¶ 3.01[4][c] at 3-94 (15th Ed.)

The Seventh Amendment right to jury trial has been defined in a line of United States Supreme Court cases, significantly *Beacon Theaters, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44. These cases distinguish between *legal* claims, such as those seeking a judgment for money damages, and claims which seek the exercise of a court's *equitable* jurisdiction.

The United States Supreme Court, in *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) reaffirmed its long-standing rule for determining when a right to jury trial may attach in bankruptcy proceedings: "plenary proceedings", those where the petitioner has an adequate reme-

dy at law and need not submit his case to the equitable jurisdiction of the bankruptcy court, are jury triable; "summary proceedings" are not. *Katchen* at 328-29, 86 S.Ct. at 471-72, citing *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 94-95, 53 S.Ct. 50, 51-52, 77 L.Ed. 185 (1932), and *Buffum v. Peter Barceloux Co.,* 289 U.S. 227, 235-36, 53 S.Ct. 539, 542-43, 77 L.Ed. 1140 (1932) (dicta).

While the summary-plenary distinction was generally abolished by the introduction of the new Bankruptcy Code, most bankruptcy decisions reported under the new Code on the issue have maintained this rule. *See, e.g., In re Portage Associates, Inc.,* 16 B.R. 445, 447 (Bkrtcy.N.D.Ohio 1982); *Accord,* 1 Collier on Bankruptcy ¶ 3.01[4][c] at 3-94 (15th Ed.)

The plaintiff cites *Katchen v. Landy, supra,* for the proposition that no right to a jury trial exists as to a voidable preference suit in bankruptcy. This is inaccurate. In fact, the Supreme Court in *Katchen* held that the voidable preference suit was a summary proceeding, and therefore not jury triable, because the trustee had filed the suit in response to Defendant's proof of claim, which had originally invoked the court's summary powers. *Katchen, supra* 382 U.S. at 336, 86 S.Ct. at 476. Bankruptcy Judge H.F. White noted this important distinction in permitting a jury trial in *In re Portage Associates, Inc., supra,* at 448:

Thus, it must be decided whether the instant action would have been a summary or a plenary proceeding under the former Act. Defendant cites this Court to the case of *Katchen v. Landy, supra* to support its contention that under the former Act this action would have been a summary proceeding. In *Katchen v. Landy, supra,* the United States Supreme Court had before it a petition filed by a trustee against a creditor of the bankrupt alleging that a transfer by the bankrupt to the creditor was a voidable preference. The petition had been filed in response to the filing of a proof of claim by the creditor. It was held that the petition to void the alleged preference was a summa-

ry proceeding, triable in equity. Accordingly, no right to trial by jury existed.

In so holding, the Court distinguished its holding from that in *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932) where a jury trial was allowed on the issue of whether a pre-bankruptcy transfer was a voidable preference. Unlike the creditor in *Katchen,* the creditor in *Schoenthal* had filed no proof of claim prior to the filing of the preference action by the trustee. Because no proof of claim had been filed, the trustee could "recover the preference only by a plenary action under Section 60 of the Act, 11 U.S.C. § 96 (1964 ed.)..." *Katchen v. Landy, supra,* 382 U.S. at 327–328, 86 S.Ct. at 471, citing *Taubel-Scott-Kitzmiller Co. v. Fox,* 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770 (1924).

In the instant proceeding, the defendant has filed no proof of claim to invoke what was formerly called the "summary jurisdiction" of the Bankruptcy Court. The inquiry now must be made as to whether the trustee has sought the exercise of this Court's summary powers or plenary powers.

The reported decisions which have considered this distinction have come to the conclusion that if the preference suit seeks only the recovery of money it is a plenary proceeding; however, if it seeks the turnover of property or an accounting (or if the suit was filed in response to defendant's proof of claim) then the suit is one which asks the bankruptcy court to act in equity within its summary jurisdiction and a jury trial will not be permitted. *Compare, Schoenthal, supra* 287 U.S. at 94–95, 53 S.Ct. at 51–52 (preference suit to recover money damages and for accounting; Court found that no accounting was necessary), and *In re Portage Associates Inc., supra,* at 448–449 (preference suit to recover money damages) with *Whitlock v. Hause,* 694 F.2d 861 (1st Cir.1982) (preference suit demanding reconveyance of property) and *In re Otis,* 13 B.R. 279 (Bkrtcy.N.D.Ga.1981) (preference and fraudulent transfer suit demanding reconveyance of real estate). As a Bankruptcy Appellate Panel noted in *In re*

*Huey,* 23 B.R. 804 (Bkrtcy.App.Cal. 9th Cir. 1982):

> The prayer of the trustee's complaint seeks only to avoid the transfer and for a return of money. He does not seek an accounting, a restraining order, or other equitable relief. Complete relief can be granted to the trustee by granting him a judgment for money. Under these facts, the defendant is entitled to a jury trial, *Warmath v. O'Daniel,* (6th Cir.1980) 159 F. 87, 20 Am.B.R. 101; *Schoenthal v. Irving Trust Co.* (1923) 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185.
>
> Cases such as *Senchal v. Carroll,* C.A. 10th (1968), 394 F.2d 797 are to be distinguished in that in addition to cash, the property fraudulently transferred was real and personal property and the plaintiff prayed for an accounting and injunctive relief in addition to recovery of the money. In the case before us there is nothing in the complaint or in the record showing that the trustee seeks recovery of anything other than money.

*In re Huey, supra,* at 804–805. The Collier treatise confirms this rule:

> If, for example a civil proceeding is filed by a trustee seeking to recover a preference, and under the Bankruptcy Act the defendant would have been entitled to a jury trial, the defendant should have the right to a jury under the 1978 statute. The right to a jury would have existed only if the matter had been a plenary action, and then only if the appropriate federal or state law provided for a jury as of right. If the action had been within the summary jurisdiction of the bankruptcy court under Bankruptcy Act, no right to a jury would have existed.
>
> Continuing further with the hypothetical, if the preference suit would have been a plenary action, seeking a money recovery, and it was brought in federal district court, the Seventh Amendment to the U.S. Constitution guaranteed the defendant a jury trial. If the action were brought in State Court, the Constitution and statutes of that State would have determined the right to a jury trial. On

the other hand, if the preference suit sought the return of the property transferred, the action might be characterized as an action in equity, and the right to a jury might not have existed.

1 Collier on Bankruptcy ¶ 3.01[4][c][i] at 3–93 (15th Ed.) *Accord, Annot.,* 287 U.S. at 96, 53 S.Ct. at 52, 77 L.Ed. at 189.

As to Count II of the complaint, the same summary-plenary distinctions apply. A quantum meruit count for money damages is unquestionably a plenary matter which could have been brought in a non-bankruptcy forum under the former Bankruptcy Act. *See, In re Black & Geddes, Inc.,* 25 B.R. 278 at 281 (Bkrtcy.S.D.N.Y. 1982). It seeks no equitable relief, but only the return of money damages upon the allegation that the defendant did not really suffer any damages against which it could apply the debtor's security deposit. This substantive issue is governed by the Uniform Commercial Code. Even if the *debtor* were the defendant, there could be no question that a suit for money damages arising out of a breach of contract would have been a plenary proceeding under the former Act and that a right to a jury trial existed under the Bankruptcy Code. *See, In re Frank Meador Buick, Inc.,* 8 B.R. 450 (Bkrtcy.W.D.Va.1981).

NOW, THEREFORE, this Court finds that defendant is entitled to a jury trial as of right on both Counts I and II of the complaint. This adversary proceeding, and all pleadings and papers filed in it, is hereby transferred to the United States District Court for this district pursuant to section (d)(1) of the Emergency Rule.