**In the Matter of Mc LOUTH STEEL CORPORATION, a Michigan corporation, Debtor.**

**Mc LOUTH STEEL CORPORATION, Debtor-in-Possession, Plaintiff,**

v.

**AJF, INC., New Concept Enterprises, Inc., Zero Refractories, Zalev Brothers, Ltd., Empire Detroit Steel, Teledyne Ohio Steel, Jewell Coal & Coke Company, Michigan Consolidated Gas Co., Molycorp, Inc., Detroit Edison Company, Bradley Metal Company, Sam Allen & Son, Inc., Marblehead Lime Co., The Samuel G. Keywell Co., Inc., Grant-Southern Iron & Metal Co., Air Products & Chemicals, Inc., Defendants.**

Bankruptcy No. 81–07001–G.

Adv. Proc. Nos. 83–2068–G, 83–2084–G, 83–2119–G, 83–2128–G, 83–2144–G, 83–2263–G, 83–2270–G, 83–2273–G, 83–2274–G, 83–2281–G, 83–2286–G, 83–2292–G, 83–2293–G, 83–2295–G, 83–2296–G and 83–2300–G.

United States Bankruptcy Court, E.D. Michigan, S.D.

April 11, 1984.

Philip M. Frost, Peter Swiecicki, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., Wallace M. Handler, Sp. Counsel, Snyder & Handler, P.C., Birmingham, Mich., for plaintiff Mc Louth Steel.

Asher Rabinowitz, Todd M. Halbert, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for defendants.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEMAND FOR JURY TRIAL**

RAY REYNOLDS GRAVES, Bankruptcy Judge.

**STATEMENT OF THE CASE**

These adversary proceedings come before the Court for a determination on the issue of the right to a jury trial in a preference action under the United States Bankruptcy Code. These cases have been consolidated for purposes of disposition because of factual similarities.

Plaintiff, the Debtor, moves to strike the Defendants' timely filed demands for jury trial and argues that the United States Supreme Court has determined that the Defendants have no right to a jury trial where the cause of action seeks to disallow creditors' claims based upon preferential transfers. (The Defendants, here, are creditors named as defendants in the pref-

erence actions.) Defendants respond that it is a well established rule of law that an action, such as this, seeking a money judgment, is an action at law entitling the Defendant to have the case tried before a jury. Defendants also direct this Court's attention to the provisions of the Seventh Amendment of the United States Constitution which preserves the right to trial by jury.

## DISCUSSION

The Seventh Amendment to the Constitution of the United States provides that there is a right to trial by jury;

> in suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.

The general provisions of the Seventh Amendment are modified by the United States Bankruptcy Code. Under bankruptcy law there is, generally, no right to a trial by jury. Bankruptcy Courts are historically courts of equity and, as such, are without authority to conduct jury trials. The Interim Rule under which the United States bankruptcy courts are now operating does not establish a framework for trying the bankruptcy issues, such as preference actions, before a jury in a bankruptcy court. *White Motor Corp. v. Citibank, N.A.*, 704 F.2d 254, 266 (6th Cir.1983). Neither the Congress nor the United States Court of Appeals for the Sixth Circuit have granted the United States Bankruptcy Court the authority to try issues arising under Title 11 of the United States Bankruptcy Code before a jury. To allow the Defendants in these consolidated cases to try these preference actions before a jury merely because these actions have now been removed for trial to the United States District Court, would subvert the clear intent of Congress and the Supreme Court— that cases, causes, and claims arising under Title 11 are summary proceedings and are to be tried by the Court, sitting without a jury. *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

The Defendants' argument that the Court must look to the nature of the issue to be tried rather than the context in which it is raised is misplaced. *In re Patco*, 23 B.R. 271, 275 (D.C.D.C.1982) and *In re First Financial Group of Texas, Inc.*, 11 B.R. 67, 7 B.C.D. 896, 898 (Bkrtcy.S.D.Tex. 1981) cannot be read to create a right to a jury trial where the United States Supreme Court has said none exists. Preference actions are summary in nature and tried without a jury. *Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 472, 15 L.Ed.2d 391. There is no constitutional right to trial by jury in summary proceedings. *In re Lafayette Radio Electronic Corp.*, 7 B.R. 187 (Bkrtcy.N.Y.1980).

While it is true that the Supreme Court has advised us, in cursory fashion, that the Bankruptcy Code abolished the distinction between summary and plenary jurisdiction, the Court did not hold that this "merger" created a right to trial by jury in bankruptcy issues historically equitable in nature prior to the enactment of the United States Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 et seq., *U.S. v. Whiting Pools*, ——— U.S. ———, 103 S.Ct. 2309, 2314 fn. 13, 76 L.Ed.2d 515 (1983). The right to trial by jury in bankruptcy proceedings, 28 U.S.C. § 1480(a) provides that the enactment of the new Code does not change or alter any right to trial by jury that may have existed in any statute in effect on September 30, 1979. Accordingly, the United States Bankruptcy Reform Act of 1978 does not enlarge the right to trial by jury in preference actions which are summary and equitable in nature. The pre-Code doctrine of *Katchen, supra,* is not altered by the enactment of the Code. The right to trial by jury did not exist under *Katchen,* has not been created by the Code, and is not specifically granted in *Whiting Pools.* Nor did such a right to trial by jury exist within this circuit in equitable proceedings in bankruptcy prior to the enactment of the Code. *Black v. Boyd,* 248 F.2d 156 (6th

Cir.1957). And it does not exist today. *White Motor, supra.*

The Plaintiff's motion to strike the Defendants' jury demand is granted.

IT IS SO ORDERED.