In the Matter of McLOUTH STEEL CORPORATION, a Michigan Corporation, Debtor.

McLOUTH STEEL CORPORATION, Debtor-in-Possession, Plaintiff-Appellee,

v.

MARBLEHEAD LIME COMPANY, Defendant-Appellant.

McLOUTH STEEL CORPORATION, Debtor-in-Possession, Plaintiff-Appellee,

v.

AIR PRODUCTS AND CHEMICALS, INC., Defendant-Appellant.

Bankruptcy No. 81–07001–G.
Adv. Nos. 83–2293, 83–2300.
Nos. 84–CV–1953, 84–CV–1959.

United States District Court, E.D. Michigan, S.D.

Nov. 1, 1985.

Philip M. Frost, Peter Swiecicki, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., Wallace M. Handler, Snyder & Handler, Birmingham, Mich., for plaintiff-appellee McLouth Steel Corp.

Asher Rabinowitz, Ann I. Kennedy, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for defendants-appellants Marblehead Lime Co. and Air Products and Chemicals, Inc.

## MEMORANDUM OPINION AND ORDER

PHILIP PRATT, District Judge.

McLouth Steel Corporation filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on December 8, 1981. Subsequently, Marblehead Lime Company and Air Products and Chemicals, Inc. ("defendants") filed substantial unsecured claims against McLouth. McLouth responded by counterclaiming to recover allegedly preferential transfers made by McLouth to the defendants. In their answers to this counterclaim, defendants demanded a jury trial. McLouth's motion to strike this demand for a jury trial was granted by the Bankruptcy Court on April 11, 1984. *Matter of McLouth Steel Corp.*, 38 B.R. 316 (Bkrptcy.E.D.MI.1984). This Court granted leave to appeal pursuant to 28 U.S.C. § 158(a) because an unsettled issue of law is involved, which will have exceptional impact on this case.[1]

The right to jury trials in bankruptcy proceedings is a complex issue and is a subject fostering divergent views. Due to the unsettled nature of the law, it is appropriate to review the history of this dispute. The leading Supreme Court case is *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), decided under the Bankruptcy Statute of 1898. In *Katchen*, the Court had before it a petition filed by a trustee against a creditor of the bankrupt alleging that a transfer by the bankrupt to the creditor was a voidable preference. As in the case at bar, the petition had been filed in response to the filing of a proof of claim by the creditor. The Supreme Court held that the petition to void the preference was a summary proceeding triable in equity, hence the creditor had no right to a jury trial.

*Katchen* was based upon both a statutory and a constitutional analysis. In its statutory analysis, after noting that bankruptcy courts are courts of equity, the Court distinguished between summary and plenary actions.

> The bankruptcy courts 'have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession.' [Citations omitted.] They also deal in a summary way with 'matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate'. [citations omitted].... But petitioner points out that if a creditor who has received a preference does not file a claim in the bankruptcy proceeding and holds the property he received under a substantial adverse claim, so that the property may not be deemed within the actual or constructive possession of the bankruptcy court, the trustee may recover the preference only by a plenary action under § 60 of the Act [citations omitted]; and in a plenary ac-

1. The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under Section 157 of this title. 28 U.S.C. § 158(a).

tion in the federal courts the creditor could demand a jury trial. *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 94–95 [53 S.Ct. 50, 51, 77 L.Ed. 185].

*Katchen*, 382 U.S. at 327–28, 86 S.Ct. at 471–72. The Court held that where a trustee responds to a creditor's claims by counterclaiming for the avoidance of a preferential transfer, the summary jurisdiction of the bankruptcy court was invoked. The Court concluded that there was no statutory right to a jury trial.

Petitioner in *Katchen* then claimed that the statute so interpreted violated his seventh amendment right to a jury trial. The Court rejected this challenge, stating:

> [A]s the proceedings of bankruptcy courts are inherently proceedings in equity [cites omitted], there is no Seventh Amendment right to a jury trial for a determination of *objections to claims* ... [emphasis added]

*Id.* 382 U.S. at 336–37, 86 S.Ct. at 467. The Court distinguished between actions to avoid preferences raised as objections to claims made against the bankrupt (such as the situation at bar), and those initiated by the trustee against parties who have made no claims against the estate.

> [A]lthough petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, *Schoenthal v. Irving Trust Co.*, 287 U.S. 92 [53 S.Ct. 50, 77 L.Ed. 185], when the same issue arises as part of the process of allowance and disallowance of claims it is triable in equity. The Bankruptcy Act ... converts the creditor's legal claims into an equitable claim to a pro rata share of the res [citations omitted], which can neither be determined nor allowed until the creditor disgorges the alleged voidable preference he has already received.

*Id.*, 382 U.S. at 336, 86 S.Ct. at 476. The Court also noted that "if applicable at all," the seventh amendment doctrine set forth

in *Beacon Theatres, Inc. v. Webster*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) favoring jury trials except in the most imperative circumstances where legal and equitable issues are mixed, would not call for a different result.

> In neither *Beacon Theatre* nor *Dairy Queen* was there involved a specific statutory scheme contemplating prompt trial of a disputed claim without intervention by a jury. We think Congress intended the trustee's § 57, sub. g objection to be summarily determined; and to say that because the trustee could bring an independent suit against the creditor to recover his voidable preference, he is not entitled to have his statutory objection to the claim tried in the bankruptcy court in the normal manner is to dismember a scheme which Congress has prescribed.

*Id.*, 382 U.S. at 339, 86 S.Ct. at 478. Thus the last time the Supreme Court addressed the issue, there was neither a statutory nor a Constitutional right to a jury trial where the bankrupt counterclaimed to avoid preferential transfers in response to a creditor's claim against the estate.

The Bankruptcy Reform Act of 1978 greatly expanded the jurisdiction of bankruptcy courts, abolishing the distinction between summary and plenary jurisdiction.[2]

> A major impetus underlying this reform legislation has been the need to enlarge the jurisdiction of the bankruptcy court in order to eliminate the serious delays, expense and duplications associated with the current dichotomy between summary and plenary jurisdiction ...

> It is the purpose of new section 164 of Title 28, United States Code, in conjunction with 28 U.S.C. section 1334 ... to eliminate entirely the present jurisdictional dichotomy between summary and plenary jurisdiction.

S.Rep. No. 989, 95th Cong. 2d Sess. 17–18, *reprinted in* 1978 U.S.Code Cong. & Ad.

---

**2.** Elements of this expanded jurisdiction were declared unconstitutional by the Supreme Court in *Northern Pipeline Co. v. Marathon Pipe Line*

Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

News 5787, 5803–04. The section of the 1978 Reform Act which dealt with the availability of jury trials read as follows:

Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

28 U.S.C. § 1480.[3] The ambiguity of this section, which appears to preserve pre-1979 law, in a statute which presumes to abolish the distinction between summary and plenary distinction relied on by the Supreme Court in *Katchen,* has proven to be fertile ground for judicial dispute.

Several courts have focused on Congress' basic aim in the 1978 legislation of eliminating the distinction between summary and plenary jurisdiction and in so doing have abandoned *Katchen v. Landy* as precedent for determining the right to a jury trial in bankruptcy proceedings.

In enacting the Bankrupty Reform Act of 1978, Congress made clear its intent to modernize the bankruptcy laws and invest the bankruptcy courts with broad jurisdiciton to hear all cases related to a bankrupt's petition. It sought to eliminate the enormous volume of litigation over summary jurisdiction and abandon the recondite idea of possession as a basis for jurisdiction. In light of this legislative history, continuing the summary/plenary distinction to determine a party's right to a jury trial seems at odds with the stated purposes of the new Bankruptcy Code.

*In Re: Professional Air Traffic Controllers, Etc.,* 23 B.R. 271, 274–75 (D.D.C. 1982). These courts have instead relied upon *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), along with *Beacon Theatres* and *Dairy Queen,* looking to the nature of the underlying cause of action and pre-merger custom to determine a party's right to a jury trial. *See, e.g., In Re Lombard-Wall, Inc.,* 48 B.R. 986 (S.D.N.Y.1985); *In Re Energy Resources Co., Inc.,* 49 B.R. 278 (Bkrptcy.D. Mass.1985); *In Re Basin Refining, Inc.,* 30 B.R. 578 (Bkrptcy.N.D.Tex.1983); *In Re Frank Meador Buick, Inc.,* 8 B.R. 450 (Bkrptcy.W.D.Va.1981); *Matter of Newman,* 14 B.R. 1014 (Bkrptcy.S.D.N.Y.1981); Levy, Trial by Jury Under the Bankruptcy Reform Act of 1978, 12 *Conn.L.Rev.* 1 (1979).

The courts adopting this position have generally granted the right to jury trial where the trustee has initiated an action to avoid preferences. *In Re Paula Saker & Co., Inc.,* 37 B.R. 802 (Bkrptcy.S.D.N.Y. 1984); *In Re Martin Baker Well Drilling, Inc.,* 36 B.R. 154 (Bkrptcy.D.Maine 1984); *In Re Arnett Oil, Inc.,* 44 B.R. 603 (D.Ind. 1984); *In Re O.P.M. Leasing Services, Inc.,* 48 B.R. 824 (S.D.N.Y.1985); *In Re Rodgers & Sons, Inc.,* 48 B.R. 683 (Bkrptcy.E.D.Okla.1985); *In Re Black & Geddes, Inc.,* 25 B.R. 278 (Bkrptcy.S.D.N. Y.1982).

Other courts construing § 1480(a) rely on the plain language of the statute and legislative history to hold that the purpose of § 1480 is to preserve under the new Bankruptcy Code the right to jury trial as it existed under the old Bankruptcy Act as interpreted by the Supreme Court in *Katchen.* The legislative history discussing the right to jury trial appears to carry forward the summary/plenary distinction. The House Report states that:

Subsection (a) continues any current right of litigants in bankruptcy cases, and cases related to bankruptcy cases, such as plenary actions, to a jury trial.

H.R.Rep. No. 595, 95th Cong., 1st Sess., *reprinted* in 1978 U.S.Code Cong. & Ad. News 5787, 6404. At another point, the House Report stated:

Proposed section 1480 requires that the right of jury trial be preserved as it is under present law. Bankruptcy courts

---

**3.** The term "statute" in § 1480(a) has been construed to include the seventh amendment. *In Re Sunair Intern., Inc.,* 32 B.R. 142 (Bkrptcy.S. D.Fla.1983); *In Re Mozer,* 10 B.R. 1002 (Bkrptcy.D.Colo.1981).

will be required to hold jury trials to adjudicate what are under present law called 'plenary suits', that is, suits that are brought in State or Federal courts other than the bankruptcy courts.

*Id.* at 5973. The Senate Report concurs, stating: "Subsection (a) continues only current right of a litigant in a case or proceeding under title 11 or related to such a case, to a jury trial." S.Rep. No. 989, 95th Cong. 2d Sess., (1978), reprinted in 1978 U.S.Code Cong. & Ad.News, 5787, 5943.

Courts relying on this language have held that an analysis of a litigant's right to a jury trial in bankruptcy court must begin with a determination of whether a particular issue would have been classified as a "plenary" or "summary" suit on September 30, 1979. *In Re DeLorean Motor Co.,* 49 B.R. 900 (Bkrptcy.E.D.Mich.1985) citing *In Re McLouth Steel,* 38 B.R. 316 (Bkrptcy.E.D.Mich.1984); *In Re Country Junction, Inc.,* 41 B.R. 425 (D.Tex.1984); *In Re Fidelity America Financial Corp.,* 20 B.R. 115 (Bkrptcy.E.D.Pa.1982); *In Re Otis,* 13 B.R. 279 (Bkrptcy.N.D.Ga.1981); *In Re Mozer,* 10 B.R. 1002 (Bkrptcy.D.Colo. 1981); *In Re Lafayette Radio Elec. Corp.,* 7 B.R. 187 (Bkrptcy.D.N.Y.1980). This line of cases stands for the proposition that the 1978 Code "preserved the rights to a jury trial under the old Act and it did not expand these rights to new or different areas of litigation." *In Re Coast Trading Co., Inc.,* 31 B.R. 666, 667 (Bkrptcy.D.Ore.1982). It has been held that where a trustee attempts to avoid preferences in response to claims by a creditor *Katchen* still controls, and there is neither a statutory nor a seventh amendment right to a jury trial. *In Re First Intern. Services Corp.,* 37 B.R. 856 (Bkrptcy.D.Ct.1984); *In Re Sunair Intern., Inc.,* 32 B.R. 142 (Bkrptcy.S.D.Fla. 1983); *In Re Portage Associates, Inc.,* 16 B.R. 445 (Bkrptcy.Ohio 1982).[4] This was the reasoning adopted by the bankruptcy court in the case at bar.

Having reviewed the conflicting authority, this Court finds that the Supreme Court's decision in *Katchen v. Landy* still controls the determination of the right to jury trials under the Bankruptcy Reform Act of 1978. The plain language of 28 U.S.C. § 1480 instructs the courts that the new statute is to have no impact on the right to a jury trial. This is supported by the legislative history cited above. Further, the courts abandoning the *Katchen* analysis have misread the intent of Congress when it abolished the summary/plenary distinction. The intent of Congress was to eliminate time-consuming litigation over jurisdictional issues, not create even more delay by expanding the right to a jury trial.

Yet the jurisdictional limitations presently imposed on the bankruptcy courts have embroiled the court and parties in voluminous litigation whose sole function is to determine whether the court possesses the requisite summary jurisdiction to determine the merits of issues often necessarily heard by the court in determining its jurisdictional question. Upon a finding that it lacks summary jurisdiction, the bankruptcy court is required to dismiss the action, whereupon it is necessary for the parties to proceed anew with a plenary action in either the United States district or an appropriate state court to try issues already substantially tried in the summary proceeding before the bankruptcy court.

S.Rep. No. 989, 95th Cong. 2d Sess. 17–18, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5803–04. Congress' intent was to eradicate the delay caused by disputes over the jurisdiction of the bankruptcy courts, and to increase the efficiency of the bankruptcy process. While increasing the jurisdiction of bankruptcy courts was consistent with that goal, expanding the right to a jury trial was not. Using the summary/plenary framework to determine the right to a jury trial does not interfere with

---

**4.** In both *Sunair* and *Portage* a jury trial was granted because the action had been commenced by the trustee and was not in the form of a counterclaim against a creditor. Thus the

proceedings were "plenary," pursuant to *Katchen* and *Schoenthal v. Irving Trust,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932).

Congress' intent to eliminate time consuming jurisdictional battles.

A close reading of the cases granting a jury trial in preference avoidance proceedings applying a seventh amendment analysis reveals that they are consistent with the Supreme Court's decision in *Katchen.* In *Katchen,* the Court distinguished between cases where the trustee initiated the proceeding and those where it arose as a counterclaim in response to a claim by a creditor. The former situation was "plenary," giving rise to a right to trial by jury, *Schoenthal, supra,* and the latter was summary, being part of the overall bankruptcy proceeding, with no right to a jury trial. Almost every case since the 1978 Amendments which granted a jury trial was one where the trustee had initiated the preference claim, thus making those decisions consistent with, not contrary to, *Katchen; see,* cases cited in text *supra,* at p. 360.

■ On July 10, 1984, the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("B.A.F.J.A.") was enacted to cure the jurisdictional defects in the Bankruptcy Reform Act of 1978, which had been declared unconstitutional in 1982 by the Supreme Court in *Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The B.A.F.J.A. has served to confuse an already murky issue. While it is not precisely clear how and when it was accomplished, it is generally agreed that 28 U.S.C. § 1480, which had previously governed the right to jury trial, has been implicitly repealed. 28 U.S.C. §§ 113, 121(a), 122(c). *In Re O'Bannon,* 49 B.R. 763 (Bkrptcy.D.La.1985); *In Re Bokum Resources Corp.,* 49 B.R. 854 (Bkrptcy.D.N.M.1985); *In Re Professional Sales, Corp.,* 48 B.R. 651 (Bkrptcy.N.D.Ill. 1985); *In Re American Energy, Inc.,* 50 B.R. 175 (Bkrptcy.D.N.D.1985). The 1984 Amendment's replacement for § 1480 provides for jury trials where personal injury or wrongful death is involved, but is not applicable to cases, such as the one at bar, which were pending on July 10, 1984. 28 U.S.C. § 1411. Thus with the repeal of § 1480, and the prospective application only of § 1411, there is no statutory right to jury trial in the case at bar. The remaining question is whether the absence of such a right violates the seventh amendment.

While the 1984 Amendments provide little guidance as to the right to jury trials, they explicitly address the issue of the jurisdiction of bankruptcy courts. Bankruptcy judges are permitted to hear and finally determine "core proceedings." 28 U.S.C. § 157. A non-exclusive list of core proceedings includes actions to recover preferences and also counterclaims raised against creditors. 28 U.S.C. § 157(b)(2)(C) & (F). An analogy has been drawn between "core proceedings" under current law and "summary jurisdiction" exercised by bankruptcy courts before 1978. *In Re Lee,* 50 B.R. 683 (Bkrptcy.D.Md.1985); *Matter of Baldwin-United Corp.,* 48 B.R. 49 (Bkrptcy.D.Ohio 1985); *In Re Duncan,* 51 B.R. 71 (Bkrptcy. D.Md.1985). It has been held that core proceedings can properly be considered equitable in nature. *In Re: American Energy,* 50 B.R. 175, 180 (Bkrptcy.D.N.D.1985). The new distinction between "core" and "noncore" proceedings has been viewed as falling within the holding of the Supreme Court in *Katchen.*

> However outmoded the *Katchen* doctrine may have been under the Bankruptcy Code of 1978 (see, 1 *Collier on Bankruptcy* ¶ 3.01[4] (15th ed. 1984)), the 1984 Amendments seem to breath new life into that doctrine. Since Congress apparently intended 'core' proceedings to include matters which were within the traditional summary jurisdiction of the Bankruptcy Courts under the 1898 Act, it follows under *Katchen* that a party has no constitutional right to a jury trial in 'core' proceedings such as plaintiffs' turnover action. *Cf. In Re McLouth Steel Corp.,* 38 B.R. 316 (Bkrptcy.E.D. Mich.1984).

*Matter of Baldwin-United Corp.,* 48 B.R. 49, 56 (Bkrptcy.S.D.Ohio 1985). *See, In Re LaFond,* 45 B.R. 195 (Bkrptcy.D.Minn. 1984); *In Re Lee,* 50 B.R. 683 (Bkrptcy.D. Md.1985); *In Re Duncan,* 51 B.R. 71

(Bkrptcy.D.Md.1985); *In Re O'Bannon*, 49 B.R. 763 (Bkrptcy.D.La.1985).

■ The Supreme Court has explicity held that where a trustee counterclaims for the avoidance of preferential transfers as a defense to a creditor's claims against the estate, there is no seventh amendment right to a jury trial. *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Neither the 1898 Code, the Bankruptcy Act of 1978, nor the Bankruptcy Amendments and Judgeship Act of 1984 alters this result by providing a statutory right to a jury trial in such a proceeding. The decision of the Bankruptcy Court is AFFIRMED, and McLouth's motion to deny petitioner's right to jury trial is GRANTED.

IT IS SO ORDERED.